510 So.2d 631 (1987)
Arnaldo VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1670.
District Court of Appeal of Florida, Third District.
July 28, 1987.
*632 Arnaldo Valdes, in pro. per.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT, and FERGUSON, JJ.
PER CURIAM.
We affirm Valdes's conviction for criminal mischief pursuant to section 806.13, Florida Statutes (1985), because proof of the value of the property damage is not, as Valdes contends, an essential element of the crime. Consequently in order to sustain a conviction the state needed only to prove that Valdes willfully or maliciously damaged another's property. § 806.13(1)(a), Fla. Stat. (1985). While damage to property is an essential element of the crime of criminal mischief, N.R. v. State, 452 So.2d 1052 (Fla. 3d DCA 1984), once it is established that the defendant damaged another's property, the value of the property damage is relevant only to the severity of the crime. See § 806.13(1)(b), Fla. Stat. (1985); cf. § 812.014, Fla. Stat. (1985) (statute establishing varying degrees for crime of theft based upon value of property involved). Since the record provides ample evidence to support the jury's conclusion that Valdes willfully and maliciously caused damage to the victim's property, Valdes's conviction is affirmed.
We reverse Valdes's concurrent sentence of three years' imprisonment for criminal mischief. The offense of criminal mischief is punishable as a second degree misdemeanor if the property damage does not exceed $200, § 806.13(1)(b)(1), Fla. Stat. (1985), with a maximum term of imprisonment of not more than sixty days, § 775.082(4)(b), Fla. Stat. (1985). Since, as the state concedes, the jury did not find that the value of the property damage exceeded $200, the trial court erred in imposing a three year sentence. Cf. Andrews v. State, 316 So.2d 296 (Fla. 1st DCA 1975) (sentence of seven years of imprisonment for criminal mischief reversed where statutory maximum sentence five years and procedure for enhanced sentencing for habitual offender not properly followed). Since Valdes's score sheet total is unaffected by this error, we reverse and remand for resentencing only on the second-degree misdemeanor for criminal mischief.