JOANOS, Judge.
J.R.S. appeals an adjudication of delinquency for criminal mischief. Appellant contends the trial court erred in denying his motion for judgment of acquittal. We agree, and reverse the finding that appellant committed the offense of criminal mischief.
The facts reveal that the fifteen year old appellant argued with his mother one morning and then left for school. Appellant did not return home that day, and was reported missing by his family. The next morning, appellant gained entry into his locked home by “jimmying” a sliding glass door at the rear of the house.
On the basis of his forced entry into the home in which appellant resided with his parents, a petition for delinquency was filed alleging that appellant “did willfully and maliciously injure or damage the real or personal property of another, to-wit: door, the property of [his father], by prying open said door, ... contrary to the provisions of Section 806.13, Florida Statutes.” A second count charged that appellant committed trespass.
Appellant’s father and the investigating officer testified at the adjudicatory hearing. Appellant’s father stated the door latch had markings of the entry, and the screws which formerly held the latch could not be retightened. According to appellant’s father, he repaired the latch with an oversized screw at a cost of ten cents. The father further testified that a neighbor called to tell him that his son had returned home. Upon receipt of that call, appellant’s father notified the sheriff’s department that his son was no longer missing, and then went home. The testimony of appellant’s father established that appellant was living in his parents’ home at the time, that his father had not told him he could not return, nor had his father asked him to leave.
An officer of the Sheriff’s Department went to appellant’s home on February 15, 1990, after being notified that appellant had been found. The officer inspected the point of entry, and stated that in his opinion, there was no permanent damage. Consequently, he did not list any damage on his report.
Appellant was not sworn as a witness. However, under questioning from the trial court, appellant said he went into the house only because he was hungry. He explained that he did not call his father, because he thought if he did so he would get into trouble.
The defense moved for judgment of acquittal at the close of the state’s case, and again after the officer testified on behalf of the defense. In addition, defense counsel advised the trial court that the parties were proceeding only on the charge of criminal mischief. The state argued that appellant’s conduct constituted criminal mischief, even though no permanent damage had been done. The defense countered that the state failed to prove criminal intent, because appellant was just trying to get back into his house. Defense counsel analogized appellant’s conduct to that of one who breaks a window to get into his own home, when he finds he has locked himself out. Observing that it would have been more prudent for appellant to call his father and ask for the key, the trial court found appellant committed the offense of criminal mischief. The subsequently entered order contained the finding that appellant “committed a delinquent act by violating Florida Statutes, Section(s) 806.13 *1325 and 810.08 which constitutes the offense of Criminal Mischief (60) days and Trespass (60 days), as evidenced by testimony and evidence adduced at the Adjudicatory Hearing on March 14, 1990.”
The criminal mischief statute, section 806.13(l)(a), Florida Statutes (1989), provides:
A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
The offense has its origin in the common law offense of malicious mischief. Reed v. State, 470 So.2d 1382, 1394 (Fla.1985). Black’s defines “malicious mischief” thusly:
Willful destruction of personal property, from actual ill will or resentment towards its owner or possessor. Though only a trespass at the common law, it is now, by most statutes, made severely penal.
Black’s Law Dictionary 863 (5th ed. 1979).
Damage to the property of another is an essential element of the offense of criminal mischief. D.B. v. State, 559 So.2d 305 (Fla. 3d DCA 1990); Valdes v. State, 510 So.2d 631, 632 (Fla. 3d DCA 1987) review denied, State v. J.C.B., 520 So.2d 586 (Fla. 1988); Roberts v. State, 461 So.2d 212, 214 (Fla. 1st DCA 1984); N.R. v. State, 452 So.2d 1052 (Fla. 3d DCA 1984). However, the specific value of the property damage is relevant only to the severity of the crime. Valdes, 510 So.2d at 632.
As the state concedes, the opinions dealing with the offense of criminal mischief do not state expressly that the element of malice required by the statute is presumed upon a finding of property damage. We reject the state’s contention that pertinent case law can be read as standing for such a sweeping proposition. Rather, the cases affirming a finding of guilt of criminal mischief indicate that the circumstances surrounding the conduct which re-suited in damage will determine whether the element of malice was present.
We conclude that the facts in this case do not constitute the offense of criminal mischief. The state failed to establish the element of malice, i.e., that appellant acted from actual ill will or resentment toward his parents as owners of the allegedly damaged property. In addition, the state agrees that appellant was found guilty of and adjudicated for the offense of criminal mischief only, and that the ambiguity in the order should be corrected to reflect that fact.
Accordingly, the order adjudicating appellant guilty of criminal mischief and trespass is reversed, and the cause is remanded with directions to enter a clarifying order reflecting that appellant was tried only for the offense of criminal mischief, and that this court has determined the evidence is insufficient for a finding of guilt of the charged offense.
SHIVERS, C.J., and ZEHMER, J., concur.