575 So.2d 1372 (1991)
Easton D. MASSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0610.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
*1373 Richard L. Jorandby, Public Defender and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The defendant/appellant, Easton Massey, appeals from convictions for burglary of a structure and grand theft. We affirm in part and reverse in part. The record shows that Jerry Pietila, the victim of the burglary, observed the defendant taking his (Pietila's) bicycle from a tool shed. At the trial Pietila testified that the value of the bicycle was $419.95 when he bought it. Massey argues on appeal that the trial court should have granted his motion for judgment of acquittal because the state failed to show the value of the property taken.[1] Massey argues that the evidence of the original purchase price of the bike is not sufficient by itself to establish the fair market value.
The record shows that Pietila not only testified as to the value of the bicycle when he purchased it, he also testified as to his costs expended on improving the bicycle and its condition at the time of the theft. The value of an object can be established by the testimony of the property's owner if the owner can be said to have knowledge of the property. Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983.) Pietila demonstrated that he had knowledge of the property and that in his opinion the bicycle was worth "at least $650."
Massey also argues that the trial court erred in assessing court costs against him without notice and a hearing. We agree and reverse the imposition of costs. See Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984).
AFFIRMED IN PART; REVERSED IN PART.
ANSTEAD and WARNER, JJ., and WALDEN, JAMES H., (Retired) Associate Judge, concur.
NOTES
[1] Section 812.014(2)(c)(1) requires that the value of the property be at least $300 at the time of the offense.