601 So.2d 307 (1992)
Margaret MEENAGHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0871.
District Court of Appeal of Florida, Fourth District.
June 24, 1992.
Steven W. Gomberg, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse appellant's conviction for felony criminal mischief. The appellant was charged with arson and burglary and was convicted of the burglary and of felony criminal mischief as a lesser included offense to the arson.
Misdemeanor mischief is a category one lesser included offense, and felony mischief is a category two lesser included offense, to the charged offense of arson. Section 806.13, Florida Statutes, provides that criminal mischief is a felony where the damage caused by the mischief exceeds $1,000. Criminal mischief which results in damages less than $200 is a second degree misdemeanor.
The trial court erred by instructing the jury on felony mischief, because the information did not allege the amount of damage caused by the arson. At the charge conference, the appellant objected to the state's request for a felony mischief instruction, contending that only second degree misdemeanor mischief is a category one lesser included offense of arson.
The state does not dispute that the charging document must reflect the commission of a category two lesser included offense before an instruction on such an offense is permitted. See State v. Daophin, 533 So.2d 761 (Fla. 1988). Here, although the felony mischief instruction is *308 supported by the facts of the case, the information is silent on the amount of damage, a necessary element of felony mischief. The prejudice to appellant is apparent, as she had no notice that the amount of the damage would be an issue at trial.
The state asserts that the amount of damage is not an essential element of felony criminal mischief, relying on Valdes v. State, 510 So.2d 631 (Fla. 3d DCA 1987). However, we deem that opinion inapposite as it involved the question of whether the amount of damage is an essential element of second degree misdemeanor mischief, which does not require proof of an amount of damage.
We conclude that the amount of damage is an element of a felony criminal mischief charge. We can discern no reason to create an exception to the principle recognized in Daophin. See also, Clay v. State, 595 So.2d 1052 (Fla. 4th DCA 1992); Von Deck v. State, 593 So.2d 1129 (Fla. 5th DCA 1992); J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987).
As to all other issues, we affirm. We remand for modification of the judgment to substitute a conviction for the second degree misdemeanor mischief and for resentencing as to both counts.
HERSEY and DELL, JJ., concur.