751 So.2d 134 (2000)
Reginald WINGFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4895.
District Court of Appeal of Florida, Second District.
January 19, 2000.
*135 James Marion Moorman, Public Defender, Bartow, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Reginald Wingfield appeals his convictions for burglary, felony criminal mischief, battery, opposing an officer with violence, and two counts of aggravated battery on a law enforcement officer. Wingfield also appeals the constitutionality of his prison releasee reoffender sentence. We affirm his burglary, battery, and opposing an officer with violence convictions without discussion. We also affirm his prison releasee reoffender sentence without discussion. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
At trial, the State alleged that Wingfield intentionally rammed a police cruiser with a pick-up truck. Citing primarily Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987), disapproved on other grounds, State v. Sanborn, 533 So.2d 1169 (Fla. 1988), Wingfield argues that he did not commit an aggravated battery because he did not strike the officers directly; rather, he struck the police cruiser. Wingfield maintains that the officers did not have the requisite "intimate connection" with the police cruiser because the cruiser could not be considered to be an extension of their persons. In contrast, the State cites State v. Sudderth, 184 N.C. 753, 114 S.E. 828 (1922), and Huffman v. State, 200 Tenn. 487, 292 S.W.2d 738 (1956), overruled in part on other grounds, State v. Irvin, 603 S.W.2d 121 (Tenn.1980), arguing that the officers did have the requisite connection with the police cruiser. The State would have this court believe that the Fourth District wrongly decided Williamson.
We decline Wingfield's invitation to apply the Fourth District's reasoning in Williamson to this case. The Fourth District concluded that, although Williamson struck a police cruiser with his vehicle, his act did not injure or even directly affect the police officer. See Williamson, 510 So.2d at 338. The Fourth District reasoned that the police cruiser did not, as a matter of law, have "the intimate connection" with the officer. See id. We reject that reasoning. Rather, we believe, under the circumstances of this case, Wingfield committed an aggravated battery. See W. Page Keeton et al., Prosser and Keeton on Torts § 9, at 39-40 & n. 14 (5th ed.1984).
We find that an "intimate connection" existed because the officers rested their full weight on the cruiser's seats. Wingfield's intentional act of ramming his truck into the cruiser with the force the officers described necessarily involved an impact, even if only slight, to the officers. A refusal to acknowledge this impact would deny the applicability of the law of physics regarding the transfer of energy. Whether the physical impact caused injury to the officers is irrelevant. Wingfield did, in fact, commit a battery against the officers, and, in the course of doing so, used a deadly weapon, that is, a motor vehicle. Consequently, we affirm Wingfield's aggravated battery convictions and certify conflict with the Fourth District's decision in Williamson.
Next, Wingfield argues that the State did not prove more than $1000 worth of damage to the police cruiser. Hence, Wingfield contends the trial court should have granted his motion for a judgment of acquittal on his felony criminal mischief charge. Wingfield concedes that the jury heard testimony from a police officer and from an accident reconstruction specialist *136 that he caused more than $1500 worth of damage to the police cruiser. However, Wingfield objected to this testimony, arguing that the State did not qualify either witness as an expert who could offer opinion testimony as to the amount of damages.
The State argues that the police officer could competently testify as to the damages to the police car, just as a property owner can testify about the value of his or her property. See, e.g., Massey v. State, 575 So.2d 1372, 1373 (Fla. 4th DCA 1991). We disagree. An officer who uses a patrol car does not necessarily have the same knowledge of the vehicle's value as an owner who purchases or maintains a vehicle. The State failed to show that these officers had any particular knowledge of the value of their police cruiser, or the cost of repairs for that cruiser. Likewise, the State failed to qualify the reconstruction expert as an expert on damages and the cost of repairs.
We hold that an opinion assessing a monetary figure for damage to a vehicle after an accident requires special knowledge, skill, experience, or training. Hence, the State must qualify the police officer, the accident reconstruction specialist, or some other witness as such an expert. Since the State failed to present testimony from a qualified witness, we reverse Wingfield's conviction for felony criminal mischief, and remand with directions to enter a corrected judgment and sentence for second-degree misdemeanor criminal mischief. See R.D. v. State, 711 So.2d 1387, 1387 (Fla. 1st DCA 1998); Miller v. State, 667 So.2d 325, 329-330 (Fla. 1st DCA 1995).
Affirmed in part, reversed in part, and remanded with directions. We certify conflict with Williamson.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.