COPE, J.
 

 This is an appeal of a conviction for criminal mischief. The question is whether the evidence was legally sufficient to establish that the damage was $1000 or greater.
 
 See
 
 § 806.13(l)(b)3., Fla. Stat. (2006). We affirm.
 

 After gambling losses, defendant-appellant Marrero drove his Ford F150 pickup truck into an entrance at the Miccosukee
 
 *823
 
 Casino. The entrance consisted of four impact-resistant glass doors, sixteen or seventeen feet tall, each framed in special aluminum materials. One of these was a door with an automated entry system for the handicapped. The doors had been operational prior to the crash, but were destroyed, and had to be replaced. In addition, a patron of the casino was injured.
 

 The State charged the defendant with criminal mischief. The offense is a third-degree felony if the damage is $1000 or greater. For this crime, the amount of damage is measured by the cost of repair or cost of replacement.
 
 [1]
 
 ,
 
 [2]
 
 If there is no competent evidence of value, then the conviction must be for the lowest level of offense, a misdemeanor of the second degree.
 
 See id.
 
 § 806.13(l)(b)l.
 

 In this case the State did not present any evidence of the cost of repair or replacement of the four doors. The defense moved for a judgment of acquittal on that count, which was denied. The defendant was convicted as charged, and has appealed.
 

 As a general rule, it will be necessary for the State to present evidence of the cost of repair or replacement in a criminal mischief case, if the State wishes to convict the defendant of mischief exceeding either the $200 or $1000 threshold.
 
 See id.
 
 § 806.13(l)(b)2., 3.
 

 It has been said that “a trial court may conclude ‘that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met....’”
 
 T.B.S. v. State,
 
 935 So.2d 98, 99 (Fla. 2d DCA 2006) (quoting
 
 A.D. v. State,
 
 866 So.2d 752, 753 (Fla. 2d DCA 2004));
 
 S.P. v. State,
 
 884 So.2d 136, 138 (Fla. 2d DCA 2004);
 
 Clark v. State,
 
 746 So.2d 1237, 1241 (Fla. 1st DCA 1999).
 

 In this case the jury had a videotape of the collision which destroyed four extremely tall impact-resistant doors, including one door with a special mechanism for handicapped entry. We agree with the trial court that based on common experience, the jury could reasonably conclude that the cost of repair or replacement easily exceeded $250 per door or $1000 in the aggregate. We therefore affirm the conviction and the restitution order.
 
 [3]
 

 Affirmed.
 

 [1]
 

 .The statute provides, in part:
 

 806.13 Criminal mischief: penalties; penalty for minor.—
 

 (l)(a) A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
 

 (b)l. If the damage to such property is $200 or less, it is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
 

 2.If the damage to such property is greater than $200 but less than $1,000, it is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
 

 3.If the damage is $1,000 or greater or if there is interruption or impairment of a business operation or public communication, transportation, supply of water, gas or power, or other public service which costs $1,000 or more in labor and supplies to restore, it is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 [2]
 

 . By contrast, under the theft statute, the general rule is that value means fair market value at the time of theft.
 
 Bloodsaw v. State,
 
 994 So.2d 378, 379 (Fla. 3d DCA 2008).
 

 [3]
 

 . Although not pertinent to the sufficiency of the evidence on the criminal conviction, at the restitution hearing there was testimony
 
 *824
 
 from the contractor hired by the casino. Replacement of the doors cost $47,500 and the cost of temporarily boarding up the entrance was $8,500.