PER CURIAM.
 

 Defendant was charged with 10 counts: false or fraudulent insurance claim; second degree arson as to all individual businesses located in a shopping plaza; burning to defraud an insurer; and 7 counts of criminal mischief in excess of $1000. After the verdict but before sentencing, the State conceded that it had failed to sufficiently prove the damages for the criminal mischief counts and asked the court to reduce them to misdemeanor convictions. Defendant, again, moved for outright acquittals on counts V through X based on the State’s failure to elicit any evidence as to the amount of any damages. The court granted judgments of acquittal as to counts III, VI, VII, VIII, IX and X as
 
 *945
 
 charged, and reduced them to misdemean- or criminal mischief. It denied judgment of acquittal as to count IV, the felony criminal mischief count concerning a medical supply store.
 

 We reverse counts IV and VII, and affirm the judgment in all other respects.
 

 The motion for judgment of acquittal on count IV, felony mischief to McCarthy’s supply store, argued that the State failed to offer any evidence of the value or cost of damage to the store, that it was insufficient to convict him of felony criminal mischief The State later conceded the lack of value or cost of proof in a post-verdict motion.
 

 In prosecutions for criminal mischief in excess of $1000 — a felony of the third degree — an essential element of the crime is the amount of damage in value or cost to the property damaged. § 806.13(l)(a), (b)3, Fla. Stat. (2005);
 
 see Meenaghan v. State,
 
 601 So.2d 307, 308 (Fla. 4th DCA 1992).
 

 The State elicited only a description of the damage to the store. There was no evidence concerning the cost of damages or the value of any property damaged as a result of the fire. At sentencing, the State conceded that as to count IV, “there was no testimony whatsoever on the amount of the damage that was testified to during trial, so that Count [too], if the court is going to be reducing it, should also be reduced to a misdemeanor.” Without evidence of cost, value or amount of damage, the charge of criminal mischief in excess of $1000 was not sufficiently proven. We therefore reverse the conviction as to count IV, and remand to reduce the charge to second degree misdemeanor criminal mischief.
 

 Upon the State’s concession of count VII, which we accept, the judgment of conviction for criminal mischief to a business known as the Bagel Joint and Deli, is reversed and remanded for a judgment of acquittal as to that charge. The State did not present any evidence to prove that this establishment suffered any damage, or that it was even located in the shopping plaza damaged by the fire.
 

 Reverse counts IV and VII; affirm remainder.
 

 FARMER, DAMOORGIAN and LEVINE, JJ., concur.