PER CURIAM.
Leonardo Marrero (Marrero) seeks review of the decision of the Third District Court of Appeal in Marrero v. State, 22 So.3d 822 (Fla. 3d DCA 2009), asserting that it expressly and directly conflicts with decisions of the First and Second District Courts of Appeal in T.B.S. v. State, 935 So.2d 98 (Fla. 2d DCA 2006), S.P. v. State, 884 So.2d 136 (Fla. 2d DCA 2004), A.D. v. State, 866 So.2d 752 (Fla. 2d DCA 2004), Wingfield v. State, 751 So.2d 134 (Fla. 2d DCA 2000), remanded, 799 So.2d 1022 (Fla.2001), Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), approved, 783 So.2d 967 (Fla.2001), and Miller v. State, 667 So.2d 325 (Fla. 1st DCA 1995), along with decisions of this Court in Negron v. State, 306 So.2d 104 (Fla.1974), and Carnley v. State, 82 Fla. 282, 89 So. 808 (1921). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
FACTS
Marrero drove his Ford F150 pickup truck through the entrance of the Micco-sukee Casino building located in Miami-Dade County. The entrance consisted of four impact-resistant glass doors, each of them sixteen or seventeen feet tall, each framed in special aluminum materials, and one of which was equipped with a handicap accessible automatic entry system. The crash required each of the four doors to be replaced and resulted in the injury of one *884 casino patron. The State charged Marre-ro, as relevant here, with felony criminal mischief.
The State attempted to introduce costs associated with the temporary repair of the damaged property, but defense counsel, relying on R.C.R. v. State, 916 So.2d 49 (Fla. 4th DCA 2005), objected to the introduction of evidence of temporary repair costs because such costs may be rendered inadmissible if the permanent repair costs are also introduced, as the sum of these costs may exceed the fair market value of the doors. The trial court sustained the objection. Thereafter, the State failed to present any evidence of the repair or replacement costs of the damaged property. The State did present a surveillance videotape of Marrero’s truck crashing through the doors. The State also presented the testimony of the facilities director of the casino, but when asked questions concerning the cost of the damaged property he had no knowledge of the cost or dollar amount of damage.
At the conclusion of the State’s case, Marrero requested a judgment of acquittal on the charge of felony criminal mischief. In support of the motion for judgment of acquittal, defense counsel argued, in part, that the State “failed to establish a prima facie case that the damage was one thousand dollars or more,” the threshold amount for the felony charge. The judge ultimately reserved ruling on Marrero’s motion for judgment of acquittal, and after the defense declared that it would not offer additional evidence, defense counsel again requested the entry of a judgment of acquittal. The judge, despite saying, “I am concerned about the lack of evidence of value,” again reserved ruling on the motion.
During closing arguments, the State did not discuss the monetary amount of damage to the property. The defense, however, argued at great length that the State had failed to prove that the amount of damage resulting from the crash exceeded $1,000. At the conclusion of the closing arguments, the trial court provided, in part, the following instruction concerning criminal mischief:
The punishment provided by law for the crime of criminal mischief is greater depending on the value of the property damage. Therefore, if you find the defendant guilty of criminal mischief, you must determine by your verdict whether:
A, The damage to the property was a thousand dollars or greater.
B, the damage to the property was greater than two hundred dollars but less than one thousand dollars.
And, three, the damage to the property was two hundred dollars or less.
During deliberations, the jury asked the following two-part question: “Can we enter a verdict for [criminal mischief] without rendering an opinion on the value of the property? Was there testimony about the amount of damage to property?” In response, the judge, explicitly relying on Florida Standard Jury Instruction 14.1— which concerns charges of criminal theft, not criminal mischief — provided the following instruction to the jury:
If you find the defendant guilty of criminal mischief, you must make a determination of the value of the property damaged. Your verdict with regard to the value must be for the highest amount which was proven beyond a reasonable doubt. If the exact value of the property damage cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, then you must find the value is less than two hundred dollars.
A few minutes after the judge provided the supplemental instruction to the jury, *885 the jury found Marrero guilty of criminal mischief. The jury explicitly found that “the property was one thousand dollars or more.” In her final ruling on the defendant’s motion for judgment of acquittal, the trial judge stated:
What I’m going to do is that I am going to deny it at this time, but I want you, if you are going to be filing a motion for new trial, I think that it is something that both sides need to brief, all right. I am not going to schedule it because I will let you file it. You have ten days to file a motion for new trial and, you know, I do have a concern about the value and the jury expressed them concern for the value. That one case that I pointed out ... suggests that there has to be some evidence for them to base it on. I think you all should look at the case law on whatever it is you’re going to file. You might want to begin researching since you know what the issue is.
On appeal, the Third District recognized that, “as a general rule, it will be necessary for the State to present evidence of the cost of repair or replacement in a criminal mischief case, if the State wishes to convict the defendant of mischief exceeding either the $200 or $1000 threshold.” Marrero, 22 So.3d at 823 (citing § 806.13(l)(b)2.-3., Fla. Stat. (2006)). However, the Third District continued that “a trial court may conclude that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met.” Id. (quoting T.B.S. v. State, 935 So.2d 98, 99 (Fla. 2d DCA 2006) (internal quotation marks omitted)). The district court ultimately applied a “life experience” exception to this case and concluded:
In this case the jury had a videotape of the collision which destroyed four extremely tall impact-resistant doors, including one door with a special mechanism for handicapped entry. We agree with the trial court that based on common experience, the jury could reasonably conclude that the cost of repair or replacement easily exceeded $250 per door or $1000 in the aggregate. We therefore affirm the conviction and the restitution order.

Id.

This Court granted review of the decision below based on express and direct conflict with decisions of this Court and other district courts of appeal. First, the decision below is in conflict with Carnley v. State, 82 Fla. 282, 89 So. 808 (1921), and Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds by Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), which hold that essential elements of a crime must be proven beyond a reasonable doubt and cannot be left to inference or conjecture. Further, the decision below is in conflict with Miller v. State, 667 So.2d 325 (Fla. 1st DCA 1995), and Wingfield v. State, 751 So.2d 134 (Fla. 2d DCA 2000), remanded on other grounds, 799 So.2d 1022 (Fla.2001), which hold that an adjudication of guilt of a third-degree felony or first-degree misdemeanor charge of criminal mischief, both of which require a specific monetary amount of damage to be established, must be reversed if no evidence of the amount of damage to the property is presented during trial. Finally, the decision below is in conflict with T.B.S. v. State, 935 So.2d 98 (Fla. 2d DCA 2006), A.D. v. State, 866 So.2d 752 (Fla. 2d DCA 2004), S.P. v. State, 884 So.2d 136 (Fla. 2d DCA 2004), and Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), approved on other grounds, 783 So.2d 967 (Fla.2001), each of which provides limitations on any “life experience” exceptions that are not recognized by the decision below.
*886 ANALYSIS
Due process guarantees that the State must prove each essential element of an offense beyond a reasonable doubt. See State v. Barnum, 921 So.2d 513, 519 (Fla.2005) (citing Fiore v. White, 531 U.S. 225, 229, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001)). Section 806.13, Florida Statutes (2006), provides, in part:
(l)(a) A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
(b)l. If the damage to such property is $200 or less, it is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
2. If the damage to such property is greater than $200 but less than $1,000, it is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
3. If the damage is $1,000 or greater, or if there is interruption or impairment of a business operation or public communication, transportation, supply of water, gas or power, or other public service which costs $1,000 or more in labor and supplies to restore, it is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.08k.
(Emphasis supplied.) Surprisingly, there is some conflict among our district courts as to whether the amount of damage is an essential element of a felony criminal mischief charge. The Fourth District Court of Appeal has explicitly stated that the amount of damage is an essential element of the crime of felony criminal mischief. See Zanger v. State, 42 So.3d 944, 945 (Fla. 4th DCA 2010) (“In prosecutions for criminal mischief in excess of $1000 — a felony of the third degree — an essential element of the crime is the amount of damage in value or cost to the property damaged.”) (citing § 816.13(l)(a), (b)3., Fla. Stat. (2005); Meenaghan v. State, 601 So.2d 307, 308 (Fla. 4th DCA 1992)) (emphasis supplied). The First, Second, and Third Districts, however, have refrained from declaring the amount of damage to be an essential element of felony criminal mischief and have merely referred to the “severity” of the crime. See S.P. v. State, 884 So.2d 136, 137 (Fla. 2d DCA 2004) (“[EJven though the damage amount is not an element of the offense of criminal mischief, it is relevant to the severity of the crime.” (citing Valdes v. State, 510 So.2d 631, 632 (Fla. 3d DCA 1987) (emphasis supplied)); J.R.S. v. State, 569 So.2d 1323, 1325 (Fla. 1st DCA 1990) (“Damage to the property of another is an essential element of the offense of criminal mischief. However, the specific value of the property damage is relevant only to the severity of the crime.”) (citations omitted) (citing Valdes, 510 So.2d at 632)); Valdes, 510 So.2d at 632 (“While damage to property is an essential element of the crime of criminal mischief, once it is established that the defendant damaged another’s property, the value of the property damage is relevant only to the severity of the crime.” (citation omitted)).
This Court has not previously addressed whether the amount of damage is an essential element of a felony criminal mischief charge. To determine the parameters of a specific element of a crime we first examine the plain language of the statute. See State v. Hubbard, 751 So.2d 552, 561-62 (Fla.1999). When a statute is clear, we do not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. See State v. Burris, 875 So.2d 408, 410 (Fla.2004) (citing Lee County Elec. Coop., Inc. v. Jacobs, 820 So.2d 297, 303 (Fla.2002)). The plain and ordi *887 nary meaning of the words of a statute must control. Finally, our interpretation of a statute is a purely legal matter and therefore subject to a de novo standard of review. See Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1220 (Fla.2010) (citing Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006)).
Here, a plain reading of the criminal mischief statute reveals that the amount of damage is an essential element of the crime of felony criminal mischief. The only difference between second-degree misdemeanor mischief and third-degree felony mischief is the value of the damaged property. Felony criminal mischief requires proof of the amount of damage, whereas second-degree misdemeanor mischief does not. Absent proof of the amount of damage, an act of criminal mischief, as defined by the criminal mischief statute, is a misdemeanor of the second degree. The value of damage, therefore, is clearly an essential element of felony criminal mischief.
This reading of the criminal mischief statute is consistent with prior decisions of this Court interpreting other crimes involving degrees of severity. The criminal theft statute, similar to the criminal mischief statute, relies on the value of property to distinguish between degrees of theft. See § 812.014, Fla. Stat. (2010). Similarly, the criminal trafficking statute relies on the quantity of drugs to distinguish between degrees of criminal trafficking. See § 893.135, Fla. Stat. (2010). Although before today we have not explicitly held that value is an essential element of felony criminal mischief, we have held that value is an essential element of grand theft. See Negron v. State, 306 So.2d 104, 108 (Fla.1974) (“Proof of the element of value is essential to a conviction for grand larceny and must be established by the State beyond and to the exclusion of every reasonable doubt.”) (citing Carnley v. State, 82 Fla. 282, 89 So. 808 (1921)), receded from on other grounds by Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); see also State v. Hawthorne, 573 So.2d 330, 332 (Fla.1991) (“[T]he rule announced in Negron is an appropriate standard for those cases where the determination of value is an element of the crime.”). We have also held that the quantity of drugs is an essential element of first-degree felony trafficking. See Hernandez v. State, 56 So.3d 752, 758 (Fla.2010) (citing Snell v. State, 939 So.2d 1175, 1179 n. 1 (Fla. 4th DCA 2006)). The essential nature of value in the criminal theft context and quantity in the criminal trafficking context applies equally to the amount of damage in the felony criminal mischief context.
Value is an essential element of felony criminal mischief and the legislature certainly has the prerogative to define the elements of any crime. See State v. Hubbard, 751 So.2d 552, 561-62 (Fla.1999) (citing Perkins v. State, 682 So.2d 1083 (Fla.1996); State v. Hamilton, 660 So.2d 1038 (Fla.1995); Chapman v. Lake, 112 Fla. 746, 151 So. 399 (1932)). The absence of any qualification whatsoever in the criminal mischief statute, however, reinforces the premise that the State must prove the essential element of amount of damage to establish a prima facie case of felony criminal mischief.
To support its approval of the conviction below, the Third District expressly relies on a “life experience” exception to the general rule that the State must establish the amount of damage to prove felony criminal mischief. The “life experience” exception, however, is actually derived from a totally different discrete statutory provision of the criminal theft statutes. Under Florida law the degree of grand theft committed depends on the “value” of the property stolen. See § 812.014, Fla. *888 Stat. (2010).[1] Section 812.012, Florida Statutes (2010), which defines specific terms used in sections 812.012-812.037, Florida Statutes (2010), provides:
(10) “Value” means value determined according to any of the following:
(a)l. Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
2. The value of a written instrument that does not have a readily ascertainable market value, in the case of an instrument such as a check, draft, or promissory note, is the amount due or collectible or is, in the case of any other instrument which creates, releases, discharges, or otherwise affects any valuable legal right, privilege, or obligation, the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.
3. The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner, suffered by reason of losing an advantage over those who do not know of or use the trade secret.
(b) If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.
(c)Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or from several persons, may be aggregated in determining the grade of the offense.
(Emphasis supplied.)
In Jackson v. State, 413 So.2d 112, 114 (Fla. 2d DCA 1982), the Second District interpreted section 812.012(9)(b), Florida Statutes (1979), to allow a defendant to be found guilty of theft of property valued at $100 or more “absent any specific proof of value by the state ... when, by the very nature of the property stolen, reasonable persons could not doubt that its value exceeded $100.”- The Jackson court did note, however, that “[i]n doing so, we stress the fact that this should occur only in those rare instances when the minimum value is undisputable and the jury cannot ascertain a specific value from the evidence or lack of evidence before it.” Id. (emphasis supplied).
Jackson improperly breathes an extremely broad interpretation of a narrow statutory provision into the criminal theft statute. Section 812.012(10)(b) provides that “[i]f the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount.” (Emphasis supplied.) A plain reading of this criminal theft provision reveals that a jury is only allowed to determine a minimum value instead of an actual value if the value of property cannot be *889 ascertained. Jackson replaces the requirement that the value of the stolen property be impossible to ascertain with a completely unrelated condition of the State’s failure to present evidence of value (although capable of valuation) and jurors “could not doubt that its value exceeded” the required amount. See Jackson, 413 So.2d at 112. This misinterpretation of the criminal theft statute is not supported by any authority whatsoever and in fact runs contrary to the plain language of the criminal theft statute and the criminal mischief statute. We therefore disapprove of Jackson’s disregard of the impossibility prerequisite articulated in section 812.012(10)(b).
Further, it would be problematic to leave the significant determination of whether a Florida citizen is deemed a convicted felon to the arbitrary and unpredictable “life experience” of a jury. The “life experience” of individual jury members varies widely within individual communities, and even more so throughout this very diverse State. A contractor living in Miami-Dade County may have a very different understanding of the costs associated with hurricane resistant doors than a retired grandmother living in Pensacola. Branding a Florida citizen with the label “convicted felon” must be approached with care and extreme caution, based only on evidence and facts from which conclusions can be drawn, not these widely varying “life experiences.” The application of a “life experience” exception to any criminal statute, including the criminal theft statute, is inconsistent with the uniform system of justice that both the Florida and Federal Constitutions require and should not be left to the whim of individual jury members.
Moreover, even if Jackson had correctly applied the narrow statutory exception articulated in the criminal theft statute, that exception has never before been applied in the criminal mischief context because the concept is not part of the criminal mischief statute. In Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), which involved a charge of criminal mischief, the First District relied on Jackson to recognize that “in theft cases, where the value of an item is so self-evident as to defy contradiction, specific evidence of value need not be introduced.” Id. at 1241 (citing Jackson, 413 So.2d at 114). The First District continued: “Here, however, we cannot agree that the cost of motor vehicle body repair is so self-evident that a jury could simply use its life experience or common sense to determine whether the $1,000 damage threshold was met.” Id. (emphasis supplied). Accordingly, Clark, which served as the basis for the “life experience” exception articulated by the Third District in the case presently before us, referenced “life experience” of a jury in refusing to apply the exception articulated in Jackson to a charge of felony criminal mischief. The First District ultimately held that the defendant could only be found guilty of the lowest degree of criminal mischief allowed under the statutory scheme.
In the decision below, the Third District relied on Clark and three additional decisions of the Second District to support its use of a “life experience” exception:
It has been said that “a trial court may conclude ‘that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met....’” T.B.S. v. State, 935 So.2d 98, 99 (Fla. 2d DCA 2006) (quoting A.D. v. State, 866 So.2d 752, 753 (Fla. 2d DCA 2004)); S.P. v. State, 884 So.2d 136, 138 (Fla. 2d DCA 2004); Clark v. State, 746 So.2d 1237, 1241 (Fla. 1st DCA 1999).
Marrero, 22 So.3d at 823. In each of those decisions, however, the Second Dis *890 trict actually held that the State had failed to meet its burden of establishing a felony criminal mischief amount and ordered the trial court to reduce the charge to the only degree of criminal mischief that does not require the State to prove value. See T.B.S., 935 So.2d at 99 (“[A] trial court may conclude ‘that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met....’ The trial court articulated no life experience or other basis that would constitute sufficient evidence to support its finding that the damage to the victim’s car exceeded $1000.”) (quoting A.D., 866 So.2d at 753); S.P., 884 So.2d at 138 (“We recognize that in some circumstances, the fact-finder can infer from life experience and from the self-evident nature of the repairs that a statutory damage threshold has been met. In this case, however, the fact-finder did not have before it sufficient evidence from which to infer that the ‘$1000 or greater’ threshold had been met.”) (citing A.D., 866 So.2d at 753-54); A.D, 866 So.2d at 753-54 (“Although it is permissible, pursuant to [Clark], for the trial court to conclude that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met, we do not believe that is the case here.”).
The decision below is the first time that a district court has actually applied a “life experience” exception to affirm a conviction of felony criminal mischief. A comparison of a “life experience” exception, as articulated by the Third District below, to that originally articulated by the Second District in Jackson reveals a significant analytical gap between the two. The rule articulated in Jackson explicitly relied on section 812.012(10)(b) to justify the application of the “life experience” exception to the criminal theft context. In contrast, the Third District does not provide any statutory basis for the application of the exception to the criminal mischief context. Section 812.012(10), which provides a definition for “value” as utilized in the criminal theft statute, allows a jury to “find the value to be not less than a certain amount” if the value of the item stolen cannot be ascertained. Unlike the definition of “value” in the criminal theft statute, which serves as the basis for the application of the “life experience” exception to the criminal theft statute when the value cannot be ascertained, the criminal mischief statute does not provide a definition for “damage,” or any phrase similar to the criminal theft statute. The absence of a definition of “damage” from the criminal mischief statute, along with the absence of a provision that allows “the trier of fact [to] find the value to be not less than a certain amount,” § 812.012(10)(b), renders the application of a “life experience” exception to the felony criminal mischief context improper.
The State asserts that section 812.012(10)(b) is applicable to the criminal mischief statute because the latter lacks a definition for the term “damage.” This argument is without merit because section 812.012(10) does not provide a definition for the term “damage”; rather, it defines “value,” a term noticeably absent from the criminal mischief statute.
CONCLUSION
A defendant can only be convicted of felony criminal mischief if the damage in question is $1,000 or greater. Absent evidence of the amount of damage, the State has failed to prove an essential element of the crime: the amount of damage. Here, the Third District noted that “the State did not present any evidence of the cost of repair or replacement of the four doors.” Marrero, 22 So.3d at 823. Accordingly, the State has failed to prove an essential element of felony criminal *891 mischief, and, as a matter of law, Marre-ro’s conviction is improper.
In accordance with our analysis above, we hold that before a defendant can be convicted of felony criminal mischief, the State must prove the amount of damage associated with the criminal conduct. Accordingly, we quash the decision of the Third District below. We also disapprove of Jackson v. State, 413 So.2d 112, 114 (Fla. 2d DCA 1982), and the other decisions in this context that apply a “life experience” exception. We remand for the trial court to reduce Petitioner’s conviction of felony criminal mischief to the lesser offense of second-degree misdemeanor criminal mischief as defined in section 806.13(l)(b), Florida Statutes (2006).
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, J., concurs in result.
CANADY, C.J., dissents.

. If the value of the property stolen is valued at $100,000 or more, the offender commits grand theft in the first degree, punishable as a felony of the first degree. See § 812.014(2)(a), Fla. Stat. (2010). If the value of the property stolen is valued at $20,000 or more but less than $100,000, the offender commits grand theft in the second degree, punishable as a felony of the second degree. See § 812.014(2)(b), Fla. Stat. (2010). If the value of the property stolen is valued at $300 or more but less than $20,000, the offender commits grand theft in the third degree, punishable as a felony of the third degree. See § 812.014(2)(c), Fla. Stat. (2010). Finally, the "[tjheft of any property not specified in [section 812.014(2)] is petit theft of the second degree and a misdemeanor of the second degree ..." § 812.014(3)(a), Fla. Stat. (2010).