WOLF, J.
Appellant challenges an adjudication of delinquency for criminal mischief. Appellant argues the trial court erred in denying his motion for judgment of dismissal. We agree and reverse.
The State alleged appellant caused damage to a pool. One State witness testified she saw appellant “playing with” a weight in the pool, and she saw him drop the weight into the pool. A second witness testified that when she confronted appellant, he stated he caused damage to the pool by accident. The State failed to present any evidence that appellant acted with malice, as required by section 806.13, Florida Statutes (2010). Evidence that damage resulted from appellant’s actions alone is insufficient. See J.R.S. v. State, 569 So.2d 1323, 1325 (Fla. 1st DCA 1990) (finding evidence that a juvenile damaged a door lock while attempting to gain entry into his locked home was insufficient to demonstrate malice).
Further, the State’s evidence was entirely circumstantial. The State failed to present evidence that was inconsistent with appellant’s reasonable hypothesis of innocence that he damaged the pool by accident. See State v. Law, 559 So.2d 187, 188 (Fla.1989) (“Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.”). As such, we reverse.
REVERSED.
BENTON, C.J., and VAN NORTWICK, J., concur.