CASANUEVA, Judge.
Michael Schultz was convicted of armed burglary and grand theft, and he appeals, raising three issues. Of the three issues we find merit in only the third, that the State failed to provide sufficient proof of the value of the items taken during the burglary to support the charge of third-degree grand theft (greater than $300 but less than $5000).[1] See Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from, on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). We affirm Mr. Schultz’s conviction for armed burglary, the subject of his first two issues. However, we reluctantly conclude that we are required to reverse Mr. Schultz’s conviction for grand theft because of our supreme court’s rationale and holding in Marrero v. State, 71 So.3d 881 (Fla.2011), as discussed in this court’s opinion in Colletti v. State, 74 So.3d 497 (Fla. 2d DCA 2011). The application of this precedent to the facts established on the record of this case requires a determination that the minimum value necessary to establish grand theft was not met. Accordingly, we vacate the conviction for that offense and direct that a conviction for petit theft of the first degree[2] be entered. On remand, Mr. Schultz shall be resentenced accordingly.
Affirmed in part, reversed in part, and remanded with instructions.
SILBERMAN, C.J., and BLACK, J., Concur.

. § 812.014(2)(c), Fla. Stat. (2010).

. § 812.014(2)(e).