SILBERMAN, Judge.
Riley Nathan Mitchell appeals his convictions and sentences for burglary of an unoccupied dwelling and grand theft after a jury trial. Mitchell raises three issues on appeal, and we affirm without discussion regarding issues one and three.
On issue two, Mitchell contends that the State failed to present sufficient evidence to prove that the value of the property stolen from a remodeled residential unit, consisting of copper piping and an air-conditioning condenser unit, was $300 or more, the amount necessary to support a grand theft conviction. See § 812.014(2)(e)(l), Fla. Stat. (2010). Based on the Florida Supreme Court’s decision in Marrero v. State, 71 So.3d 881 (Fla.2011), we must reverse the grand theft conviction because the State failed to meet its burden of proof regarding value on the grand theft charge. Under the theft statute, the State must prove value by “ ‘the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.’ ” Id. at 888 (quoting § 812.012(10)(a)(l)). Here, the evidence of value only supports a conviction for first-degree petit theft. See § 812.014(2)(e) (value of $100 or more, but less than $300); see also Schultz v. State, 105 So.3d 1280, 1280 (Fla. 2d DCA 2013) (vacating conviction for grand theft and remanding for conviction for first-degree petit theft).
Therefore, we affirm the conviction and sentence for burglary of an unoccupied building and vacate the conviction and sentence for grand theft. On remand, the trial court shall enter a judgment and sentence for first-degree petit theft.
Affirmed in part, vacated in part, and remanded with instructions.
KELLY and BLACK, JJ., Concur.