PER CURIAM.
The issues raised in appellant’s Points I, II, and III, are without merit. We therefore affirm those points without further comment. The state correctly concedes, however, that we must reverse appellant’s judgment of conviction and sentence for criminal mischief causing damage in an amount greater than $200 but less than $1000. Because the state failed to present competent evidence of the dollar value of the damage for which appellant was responsible, he can only be found guilty of what would be the second-degree misdemeanor of criminal mischief involving damage of $200 or less. See Clark v. State, 746 So.2d 1237, 1241 (Fla. 1st DCA 1999); J.O.S. v. State, 668 So.2d 1082, 1083 (Fla. 1st DCA 1996) (citing Valdes v. State, 510 So.2d 631, 632 (Fla. 3d DCA 1987) (holding offense of criminal mischief established by proof of willful or malicious damage to another’s property; dollar value of damage relevant only to degree of offense)).
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
ROWE, SWANSON, and MAKAR, JJ., concur.