DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY DONNELL HUNTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2436

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. 18007494CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence on one count of assault with a deadly weapon, two counts of battery on a law enforcement officer, one count of resisting arrest with violence, and one count of first-degree misdemeanor criminal mischief. He argues the court erred in denying his motion for judgment of acquittal on the assault with a deadly weapon charge because the State failed to prove intent, and on the first-degree misdemeanor criminal mischief charge because there was no proof of the cost of damage to the postal truck. We accept the State's concession of error on the second point, and we reverse in part.

The charges arose when the defendant struck a United States Postal Service truck with a wooden plank measuring two by four inches. The information alleged the postal employee was sitting in the driver's seat when the attack on the postal truck occurred.

The postal employee testified he drove to his first delivery point and parked on the side of the road. While he was sorting the mail, he heard a "loud crashing sound on the vehicle," which startled him. When he

glanced at the side rear-view mirror, he saw the defendant strike the truck a second time with the two-by-four. The postal employee put the truck in gear and began to drive away. As he did so, the defendant struck the vehicle a third time closer to the front of the vehicle where the postal employee was located. The postal employee drove a safe distance away and called 911.

Law enforcement responded and detained the defendant a couple of blocks away. Moments later, the postal employee identified the defendant. At trial, the State introduced pictures showing the areas where the defendant struck the postal truck.



**Exhibit 5 showed damage to the driver's door by the third strike.**

After the State rested, the defendant moved for a judgment of acquittal on the aggravated assault charge. He argued the State failed to prove the defendant committed an act that was substantially certain to put the postal employee in fear of imminent violence. *Thomas v. State*, 299 So. 3d 23, 25 (Fla. 4th DCA 2020), *review denied*, SC20-1170, 2020 WL 6279055 (Fla. Oct. 26, 2020). The court denied the motion. After the defense presented its case, the defendant again moved for a judgment of acquittal on the assault charge. The court denied the motion.

At closing, the State told the jury it could determine the monetary amount of damage to the truck based on the pictures introduced into

evidence.  The defendant responded the State failed to prove the amount of damages beyond a reasonable doubt.

The jury found the defendant guilty.  The trial court sentenced him to concurrent terms of five years and one day as a habitual felony offender on the aggravated assault, resisting arrest, and battery charges.  He was sentenced to time served on the criminal mischief charge.

We affirm the trial court's denial of the motion for judgment of acquittal on the aggravated assault charge.  When viewed in the light most favorable to the State, there was sufficient evidence for the jury to infer the defendant knew the victim was inside the truck.  He struck the vehicle three times, each strike closer to the driver's door, and the third strike occurred after the truck had moved forward.  *See King v. State*, 545 So. 2d 375, 378 (Fla. 4th DCA 1989).

In his second issue, the defendant argues the trial court erred in adjudicating him guilty of first-degree misdemeanor criminal mischief because the State produced no evidence of the cost of damage to the postal truck.  He requests us to reduce his conviction from first-degree to second-degree misdemeanor criminal mischief.

The State agrees the conviction should be reduced to second-degree misdemeanor criminal mischief.  While the State proved criminal mischief, it did not introduce evidence of the cost of damage to the truck.  We therefore reverse the first-degree misdemeanor conviction and remand the case to the trial court to reduce the conviction to a second-degree misdemeanor.  *Marrero v. State*, 71 So. 3d 881, 887 (Fla. 2011) ("Absent proof of the amount of damage, an act of criminal mischief, as defined by the criminal mischief statute, is a misdemeanor of the second degree." (emphasis omitted)).

*Affirmed in part; reversed in part and remanded.*

LEVINE, C.J., and ARTAU, J., concur.

*                *                *

***Not final until disposition of timely filed motion for rehearing.***