ERVIN, Judge.
Appellant, R.A.P., a child, appeals from an order finding that he committed delinquent acts by violating Sections 784.021 and 806.13(l)(b)3, Florida Statutes (1989), which constitute the third degree felony offenses of aggravated assault and criminal mischief, and committing him to the custody of the Department of Health and Rehabilitative Services. Appellant does not challenge that portion of the order regarding the aggravated assault offense, however, he contends that there was insufficient admissible evidence to support a finding that he caused over $1,000 in damage by criminal mischief. We agree that the evidence does not support the adjudication and therefore reverse and remand for entry of an order finding appellant delinquent for having committed the lesser offense of first degree misdemeanor criminal mischief.
Section 806.13, Florida Statutes (1989), defines criminal mischief as follows:
(l)(a) A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
(b)l. If the damage to such property is $200 or less, it is a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
2. If the damage to such property is greater than $200 but less than $1,000, it is a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
*279 3. If the damage is $1,000 or greater, or if there is interruption or impairment of a business operation or public communication, transportation, supply of water, gas or power, or other public service which costs $1,000 or more in labor and supplies to restore, it is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Footnotes omitted).
In the instant case, the record discloses that several boys, including appellant, damaged Howard Sweat’s automobile by hitting it with sticks and axe handles and by throwing a trash can at it. Sweat testified, based upon estimates he received from automobile body repair shops, that the value of the damage was approximately $1,200. Sweat’s testimony constituted inadmissible hearsay, which was properly objected to and therefore cannot be used to sustain the adjudication. See, e.g., National Communications Indus., Inc. v. Tarlini, 367 So.2d 670 (Fla. 1st DCA 1979) (in case involving canceled trip to Rome, plaintiff’s testimony as to the amount of damages suffered, which was based upon his conversations with other travel agents, was inadmissible hearsay and lay opinion testimony).
The state, however, presented other evidence which supports an adjudication of the lesser offense of criminal mischief by causing damage of between $200 to $1,000. Brian Morrow, a passenger in Sweat’s car at the time of the incident, testified that the value of the damage to the car, exclusive of glass repair, was between $600 and $700. He based this opinion upon his experience doing fiberglass and “bondo” work during a one-year period at Westside Skills Center. He further testified, based upon his brother’s advice, that the value of the glass repair necessary for Sweat’s ear was approximately $600. Morrow’s testimony regarding the glass repair estimate, like Sweat’s damage testimony, constituted inadmissible hearsay and therefore cannot be used to sustain the adjudication. Id. Morrow’s testimony regarding the value of the body repair was, however, admissible as either lay opinion based on his knowledge of the facts he perceived, or as expert opinion based upon his experience in body repair work. See C. Ehrhardt, Florida Evidence § 701.1, at pp. 388-89 (2d ed. 1984); § 90.702, Fla.Stat. (1989).
Because the record contains admissible evidence showing that the value of the damage caused by appellant’s criminal mischief was only between $600 and $700, appellant’s adjudication for third degree felony criminal mischief, which requires a showing of $1,000 or more worth of damage,[1] must be reversed. The evidence does, however, support an adjudication for first degree misdemeanor criminal mischief. See § 806.13(l)(b)2, Fla.Stat. (1989). In so saying, we find no merit in appellant’s argument that the state failed to prove that he individually caused the damage. The law is well established that when several persons combine to commit an unlawful act, each is criminally responsible for the acts of the others. Carter v. State, 101 So.2d 911, 913 (Fla. 1st DCA), cert. denied, 104 So.2d 594 (Fla.1958).
The order is REVERSED and the matter REMANDED to the trial court with directions to enter a delinquency adjudication based upon first degree misdemeanor criminal mischief. Appellant’s commitment therefor shall be limited in accordance with Sections 39.11(4) and 775.082(4)(a), Florida Statutes (1989).
ALLEN and WOLF, JJ., concur.

. § 806.13(l)(b)3, Fla.Stat. (1989).