650 So.2d 195 (1995)
Loraine BRANKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3059.
District Court of Appeal of Florida, Fourth District.
February 15, 1995.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
*196 Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
DONNER, AMY STEELE, Associate Judge.
Appellant, Defendant below, pled nolo contendere to petit theft of household fixtures and waived the limit on restitution. After two separate restitution hearings, Appellant contests the amount of restitution ordered by the trial court. We reverse the order of restitution. Rae v. State, 638 So.2d 597 (Fla. 4th DCA 1994).
The victim, Morris Willets, who purchased Appellant's home after it was foreclosed, testified that as a speculator, real estate broker of fourteen years, and a home improvement salesman, he was competent to testify as to the value of the missing household fixtures removed from the house by Appellant. Willets purchased the home for $45,000 and resold it for $74,000 after replacing only a hot water heater and fixing an air conditioner. Additionally, Willets received over $6,000 from a claim made on his insurance.
At the hearing, Willets testified that after purchasing Appellant's foreclosed home, he went to the home and saw several items which were later missing upon Appellant's vacating the residence. In support, Willets presented a list setting out his opinion as to the value of the missing items. The listed items included carpeting, padding and installation; an air conditioning unit, installation; drywall and stucco repair; screen enclosure; security system; closet and shelving repair; nine floor tiles; water pipe repair; locks; garage door opener, installation and two remotes; and twelve patio stepping stones. Willets testified that he received estimates and costs over the phone. Upon the presentation of this list to the court, Appellant objected to the dollar amounts as hearsay.
Appellant asserts that the amount of restitution for stolen property as a condition for probation should be based on the fair market value of the property at the time of the theft. In Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993), this court determined that the trial court is not tied to fair market value as the sole standard for determining the amount of restitution, and may, in fact, exercise discretion in determining that amount. Even if Willets' testimony is to be considered, it appears that Willets testified to the cost of replacement as opposed to the fair market value of the items at the time of the theft.
Willets concedes he did not own the property for any length of time. He was entirely without knowledge or familiarity with the property. His experience in home speculation cannot substitute for his lack of personal knowledge of the property and certainly does not place him in a position to testify as to the items' condition and value of the items at the time of the theft. The amounts forming the basis for this order of restitution were compiled from estimates Willets received from other individuals and not from his experience. As he is unable to testify as to the value and condition of the stolen items at the time of the theft and because his testimony as to value is entirely from estimates received from others and not in any way from personal knowledge, his testimony is hearsay as to value.
Hearsay evidence cannot be used to determine the amount of restitution unless defense counsel fails to properly object to the evidence. See Strickland v. State, 610 So.2d 705 (Fla. 4th DCA 1992) (trial court may not rely on unsworn testimony); see also Langston v. State, 616 So.2d 597 (Fla. 4th DCA) (trial court has affirmative duty to conduct restitution hearing to determine credibility of witnesses and may not rely upon written statements from witnesses in lieu of hearing), rev. denied, 626 So.2d 206 (Fla. 1993); Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991).
Not only did Willets offer hearsay testimony as to the value of the missing items, but he received over $6,000.00 from a claim made on his insurance. This sum should have been taken into account in determining the amount of the award of restitution to Willets, such that the amount charged against Appellant should have been reduced by $6,000.00 to prevent a windfall profit to Willets at Appellant's expense. This court in *197 Malone v. State, 632 So.2d 1140 (Fla. 4th DCA 1994) held:
The trial court erred when, in addition to the amount of the victim's insurance deductible, it ordered appellant to pay the victim the original cost of a videocamera less the amount of replacement proceeds he received from his insurance company. Since the amount paid by the insurance company equaled the fair market value of the videocamera at the time of its theft, the trial court should have awarded the victim the sum of $250, the amount of the deductible under his insurance policy.
Id. at 1140-41.
Because Willets has already been compensated for the replacement costs and not the fair market value, the award of restitution is excessively high. The trial court shall reconsider the fair market value of the items and determine what amount, if any, Willets is entitled in light of his substantial recovery from his insurance company.
POLEN, J., concurs.
STONE, J., concurs in part and dissents in part.
STONE, Judge, concurring in part and dissenting in part.
In my judgment, there is record support for the trial court's decision.
The victim/owner testified, albeit with little precision, as to the value of the stolen fixtures. The fact that he was the owner of the property for only a short period of time, and that his opinion was based in part on his experience as a real estate broker and in improving and remodeling property for resale, goes only to the weight accorded his opinion.
Additionally, although the record reflects two hearsay objections, neither objection was specifically ruled on by the court.[1] One objection was to testimony of value in the form of bids received by the victim, as to which the court simply responded, "Okay. Let me see." The other involved testimony concerning the victim's insurance claim, as to which Appellant's counsel said, "I object. Hearsay. Go ahead." Thereafter, the court does not appear to have ruled as to either. The witness subsequently testified without further objection that the insurance company paid the victim over $6,000 (the approximate sum ultimately awarded by the court) after taking into account "appreciation [sic, depreciation?]" and the deductible. Appellant made no effort to question or impeach the values asserted by the victim as to each item of damage. I would deem Strickland v. State inapposite.
I do not read Rae v. State and Domaceti v. State as mandating a reversal on these facts. Neither does State v. Hawthorne, 573 So.2d 330 (Fla. 1991), in which the supreme court recognized circumstances under which proof of loss may be sufficient notwithstanding a lack of direct proof of fair market value in arriving at the amount of restitution, mandate a reversal.
In any event, I would deem any evidentiary error here to be harmless error. It also seems to me that the state presented all that a victim under these circumstances could reasonably be expected to furnish to the court to demonstrate the amount of loss, given that it is Appellant's theft of the victim's property that has prevented more specific proof.
I do concur in reversing because this court has concluded, in Malone v. State, that reversal is mandated for failure to deduct the amount of insurance proceeds received by the victim. I do not agree with the conclusion in that opinion, as I can discern no reason to give a defendant the benefit of a victim's insurance coverage and would prefer to defer any subrogation issues to be resolved by the insurer and the insured. Therefore, although I would recede from Malone, I must concur.
NOTES
[1] However, I acknowledge that this argument has not been made by Appellee.