PER CURIAM.
Appellant was convicted of grand theft auto for stealing a 1988 Chrysler LeBaron. Appellant appeals the award of $1200 restitution, claiming that the figure was based upon incompetent evidence. We agree, and accordingly we reverse.
During the restitution hearing, the State attempted to enter into evidence two written repair estimates obtained by the owner. The public defender objected on hearsay grounds, and the trial judge sustained the objection. The owner, an engine mechanic with nine years experience, was then asked to testify as to his knowledge of the cost of replacing transmissions. He admitted that he had never repaired transmissions himself and that he was personally unable to assess the cost to repair his transmission. Appellant’s counsel objected due to the owner’s lack of personal knowledge of transmission repair. The trial judge overruled the objection and allowed the owner to testify. The owner testified that to his knowledge he had heard of transmission repairs costing anywhere from $600 to $2500, depending upon the vehicle. The State then asked the owner how much he was requesting to repair his vehicle, to which he replied “$1200,” which was the amount of the lower of the two estimates. The trial judge awarded $1200 in restitution.
The Florida Supreme Court has explained that although a trial judge is afforded broad leeway when determining the amount of restitution, restitution must nonetheless be based upon competent evidence. See Glaubius v. State, 688 So.2d 913, 915-16 (Fla.1997). Appellant properly objected to the introduction of the written estimates as hearsay, because they were being offered into evidence to prove the matter asserted, the amount of restitution. The estimates do not qualify under section 90.803(6), Florida Statutes, which provides a hearsay exception for business records.
Moreover, the vehicle’s owner was not qualified to testify to the amount needed to repair his transmission because, by his own admission, he had no personal knowledge of the repair process and, accordingly, the cost of repair. In Branker v. State, 650 So.2d 195 (Fla. 4th DCA 1995), the defendant appealed a restitution order based upon fair market value estimates collected telephonically by the victim, who had purchased the defendant’s home after it was foreclosed. The trial court deemed the victim, who was a speculator, real estate broker, and home improvement salesman, competent to testify as to the value of items stolen by the defendant. The appellate court concluded that the victim’s experience did not qualify him to testify on the condition of the items stolen from the home because he had not owned the home long enough to gain personal knowledge of the items at the time of the theft. His testimony, the court found, was therefore based upon the knowledge of others and consequently he was incompetent to testify on the value and condition of the stolen items. See id. at 196. We agree with the Fourth DCA’s conclusions.
Accordingly, the restitution order is reversed and we remand this case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MINER and LAWRENCE, JJ., and McDONALD, PARKER LEE, Senior Judge, concur.