884 So.2d 136 (2004)
S.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4317.
District Court of Appeal of Florida, Second District.
July 14, 2004.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant *137 Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
After a trial, the circuit court withheld adjudication but placed S.P. on juvenile probation for the offense of felony criminal mischief, a violation of section 806.13(1)(b)(3), Florida Statutes (2002). S.P. was accused of vandalizing an acquaintance's automobile by running a screwdriver along the hood and fender, gouging the paint. Because the State never introduced competent, substantial evidence of the monetary value of the damage to the car, we reverse and remand for the court to modify the disposition order to reflect the offense of first-degree misdemeanor criminal mischief.
The only evidence of dollar value came from the victim, who testified that the car would cost "about a thousand dollars" to repair. She attempted to testify that she arrived at that figure from three estimates she had received, but the court sustained the defense attorney's hearsay objection to that testimony. In closing argument, however, the State was permitted to argue that the damage was "in excess of a thousand dollars," a comment that clearly although perhaps unintentionally misstated the victim's testimony. When the defense attorney objected to the prosecutor's argument on the ground that its prior hearsay objection had been sustained, the court ruled that the victim's testimony as to the amount had come into evidence and that only the hearsay foundation for the amount had been excluded.
We are troubled by the court's ruling that the testimony as to amount of damage had been admitted into evidence. Even assuming that the court had properly sustained the defense objection only as to the hearsay basis of the victim's testimony, the effect was to allow testimony for which no foundation had been laid. This is important because, even though the damage amount is not an element of the offense of criminal mischief, it is relevant to the severity of the crime. See Valdes v. State, 510 So.2d 631, 632 (Fla. 3d DCA 1987). To support a conviction or juvenile disposition for felony criminal mischief, the State must prove that the damage is "$1000 or greater." § 806.13(1)(b)(3).
The First District addressed this issue directly in R.A.P. v. State, 575 So.2d 277 (Fla. 1st DCA 1991). There, the victim's automobile had been damaged when several boys threw a trash can at it and hit it with sticks and axe handles. The victim "testified, based upon estimates he received from automobile body repair shops, that the value of the damage was approximately $1200." Id. at 279. The district court ruled that this testimony constituted inadmissible hearsay that had been properly objected to and that could not sustain a felony criminal mischief adjudication. Id. The State did, however, present other evidence supporting adjudication for the lesser offense of first-degree misdemeanor criminal mischief, which requires proof of damage "greater than $200 but less than $1000." § 806.13(1)(b)(2). A passenger experienced in fiberglass repair estimated that the car sustained damage between $600 and $700. This testimony, the First District held, "was admissible as either lay opinion based on his knowledge of the facts he perceived, or as expert opinion based upon his experience in body repair work." R.A.P., 575 So.2d at 279.
By contrast, in this case the State did not present any evidence from a person competent to testify concerning the dollar amount of damage. And, even assuming that the victim's testimony of "about $1000" was properly before the court, that evidence was equally susceptible to three interpretations: that the damage was less than $1000, greater than $1000, or exactly *138 $1000. We recognize that in some circumstances, the fact-finder can infer from life experience and from the self-evident nature of the repairs that a statutory damage threshold has been met. A.D. v. State, 866 So.2d 752, 753-54 (Fla. 2d DCA 2004) (citing Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), approved, 783 So.2d 967 (Fla. 2001)). In this case, however, the fact-finder did not have before it sufficient evidence from which to infer that the "$1000 or greater" threshold had been met. A police officer and the victim testified that the car sustained substantial damage, and the court received into evidence photographs depicting scrapes and scratches down to the metal. This evidence was sufficient for the court to infer that the damage was over $200 and that S.P. had committed first-degree misdemeanor criminal mischief, but it was insufficient to prove the "$1000 or greater" threshold for felony criminal mischief.
Accordingly, we reverse the disposition order and remand for the court to enter an order reflecting that S.P. has been placed on juvenile probation for the offense of misdemeanor criminal mischief.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., concur.