STONE, J.
We reverse a disposition order finding R.C.R., a juvenile, guilty of criminal mischief of $1,000 or more, a third-degree felony. The record reflects that the state failed to prove that the value of the property damaged, a fifteen-year-old pickup truck, exceeded $1,000.
The vehicle had no tag, was up on blocks, and the transmission was removed and in pieces on the adjacent ground. The victim testified that he had paid $500.00 for the truck days before and had removed the transmission because it was not operational. He testified that the vehicle’s previous owner had not expected to get anything for the truck. However, the victim also estimated, without supporting documentation, that repairs going into the vehicle were worth close to $2,700.00; $800 to $900 in parts, plus labor supplied by his employees.
The amount of damage is an element of felony criminal mischief. Meenaghan v. State, 601 So.2d 307, 308 (Fla. 4th DCA 1992). This court has recognized that for grand theft, the state must establish the market value of the stolen proper *50 ty at the time of the theft beyond and to the exclusion of every reasonable doubt. Moore v. State, 183 So.2d 563, 564 (Fla. 4th DCA 1966).
The Supreme Court of Florida, in discussing valuation in the context of theft, concluded that “if the value of property is an essential element of a crime then that value should be based upon the market value of the property at the time of the crime .... ” and lists four alternative factors that the trier of fact can consider when ascertaining market value: “(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.” State v. Hawthorne, 573 So.2d 330, 332 (Fla.1991) (citing to Negron v. State, 306 So.2d 104 (Fla.1974) (finding the evidence insufficient to support a charge of grand larceny, but sufficient to prove the lesser charge of petty larceny)).
We conclude that, here, the amount of damage element may not be proved by what it may ultimately take to make the victim whole, but by the value of what was lost. In this case, there is no proof relating the claimed repair expense to the value of the stolen property. We need not address whether there are circumstances where the cost of repair may be considered as proof of value, but certainly such costs cannot be used to the extent that they exceed fair market value. Even in civil cases it has been recognized that costs of repair exceeding market value are not a substitute for fair market value. Kluger v. White, 281 So.2d 1, 3 (Fla.1973) (citing to Blashfield, Automobile Law, Vol. 15, s 480.1 and 25 C.J.S. Damages s 82). Likewise, in a fraudulent disclosure case, the Fifth District recognized that the measure of damages could not exceed the reduction in the value of the structure. Vaughn v. Munn, 826 So.2d 1094, 1097 (Fla. 5th DCA 2002).
The felony judgment and sentence are reversed and we remand for modification to first-degree misdemeanor criminal mischief.
GROSS and HAZOURI, JJ., concur.