935 So.2d 98 (2006)
T.B.S., Appellant
v.
STATE of Florida, Appellee.
No. 2D05-5055.
District Court of Appeal of Florida, Second District.
August 9, 2006.
*99 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
T.B.S. appeals the order adjudicating him delinquent for committing felony criminal mischief by smashing the windows of the victim's car. He argues that the State did not prove that the monetary value of the damage was $1000 or greater. We agree and reverse.
While the monetary value of damage caused by an act of criminal mischief is not an element of the offense, it affects the severity of the crime. A conviction or adjudication of felony criminal mischief must be supported by proof that the defendant caused at least $1000 worth of damage. § 806.13(1)(b)(3), Fla. Stat. (2005).
The only evidence of the monetary value of the damage to the victim's car was the victim's testimony that based on an estimate she had obtained, the damage was $1000. The defense objected to this testimony, but the trial court overruled the objection. Also, at the close of the evidence the trial court denied the defense's motion to dismiss for failure to prove the $1000 threshold. The trial court ruled that based on the photographs of the damaged car, the description of the damage, and the victim's testimony, the damage exceeded $1000.
The trial court erred in overruling defense counsel's objection to the victim's testimony because it constituted inadmissible hearsay. See R.A.P. v. State, 575 So.2d 277 (Fla. 1st DCA 1991) (holding that victim's testimony, which was properly objected to, as to amount of damages was inadmissible hearsay because it was based on estimates he received from body repair shops). Accordingly, the trial court erred in relying on the victim's estimate of the value of the damage to her car in ruling that the damage exceeded $1000.
However, a trial court may conclude "that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met . . . ." A.D. v. State, 866 So.2d 752, 753 (Fla. 2d DCA 2004) (citing Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999)). Accord S.P. v. State, 884 So.2d 136, 138 (Fla. 2d DCA 2004) ("We recognize that in some circumstances, the fact-finder can infer from life experience and from the self-evident nature of the repairs that a statutory damage threshold has been met.").
The trial court articulated no life experience or other basis that would constitute sufficient evidence to support its finding that the damage to the victim's car exceeded $1000. The victim testified that five of her car windows, including the windshield and the back window, were smashed. That testimony was sufficient for the trial court to infer that the damage exceeded $200, the threshold for an adjudication of first-degree misdemeanor criminal mischief. § 806.13(1)(b)(2), Fla. Stat. (2005).
*100 Accordingly, we reverse T.B.S.'s felony conviction and remand with instructions to enter an order adjudicating him delinquent for first-degree misdemeanor criminal mischief.
Reversed and remanded with instructions.
SILBERMAN, J., and DANAHY, PAUL W., Senior Judge, Concur.