FARMER, J.
The critical issue in this juvenile disposition on a charge of felony criminal mischief is whether the State adduced prima facie proof of damages exceeding $1,000.[1] We hold that it did and affirm the disposition.
The child was accused of damaging a vehicle in a temper tantrum. The owner of the vehicle testified that she kicked and beat the door of the auto repeatedly, leaving it with several dents. The owner testified that her insurance paid $750 for the property damage to the door and that she, as the insured, paid the deductible of $500.[2] She elaborated that *768 she personally “handed over to the company who repaired her vehicle” the sum of $1,250 in payment of the repairs. We deem this testimony as prima facie proof by competent, substantial evidence that the damage exceeded $1,000.
The juvenile relies principally on our decision in R.C.R. v. State, 916 So.2d 49 (Fla. 4th DCA 2005), and argues that it requires a reversal for insufficient evidence of damage. We disagree. The decision in R.C.R. stands for the proposition that repair costs cannot be used to establish the amount of the damage element in a charge of criminal mischief to the extent that the repair costs exceed the fair market value of the damaged .property. In R.C.R., the undisputed evidence showed that the damaged auto had been recently purchased for $500 as “junked,” without an engine or wheels, placed on blocks, with the idea of restoring. In this case, however, the vehicle was the personal van of one of the counselors who had accompanied the young girls living at a residence hall to a July 4th outing. R.C.R. is simply inappo-site to this case.

Affirmed.

STONE and MAY, JJ., concur.

. "If the damage is $1,000 or greater ... it is a felony of the third degree § 806.13(l)(b), Fla. Stat. (2006).

. We disagree with the defense that this testimony was inadmissible hearsay. For one thing, the testimony did not involve an out-of-court statement but rather an act in which she was a participant. As a party to the insurance contract, the owner was competent to testify to any amount paid by the insurer under the property damage coverage to repair the vehicle door. Moreover, the amount paid by a property damage insurer — together with the deductible — is surely entitled to a high degree of reliability as to the value of the damage. Such evidence is well beyond speculation or opinion and constitutes direct evidence of money actually paid for the damage.