PER CURIAM.
A.S. was charged with felony criminal mischief valued at $1000 or more; the State alleged that she caused $2600 in damage to a car. The owner of an auto body shop testified to the value of the damage, basing it on an estimate made by one of his employees in the regular course of business. Because this estimate was never admitted into evidence, A.S. requested that the testimony be stricken from the record as it was hearsay. The trial court refused to strike the testimony. We reverse and remand, having determined there was insufficient evidence to prove felony criminal mischief.
Section 90.803(6), Florida Statutes (2003) provides a hearsay exception for records of regularly conducted business activity. However, “the business-records exception to the hearsay rule ... does not authorize hearsay testimony concerning the contents of business records which have not been admitted into evidence.” Thompson v. State, 705 So.2d 1046, 1048 (Fla. 4th DCA 1998) (emphasis added).
In the instant case, the estimate itself would have qualified as a business record; however, the testimony explaining the contents of the estimate would not fall within this exception. See Sunshine Chevrolet Oldsmobile v. Unemployment Appeals Comm’n, 910 So.2d 948, 951 (Fla. 2d DCA 2005) (explaining that testimony of a custodian is “the predicate necessary to admit the [documents] as a business record exception to the hearsay rule”). Because the actual estimate was not admitted into evidence, the testimony concerning its contents should have been stricken. Without this evidence, the record does not provide competent, substantial evidence demonstrating the essential element of value.[1] Therefore, we reverse the lower court’s decision and remand to reduce A.S.’s “conviction of felony criminal mischief to the lesser offense of second-degree misdemeanor criminal mischief as defined in section 806.13(l)(b), Florida Statutes (2006)” in accordance with Marrero v. State, 71 So.3d 881, 891 (Fla.2011). A.S. is entitled to a new disposition hearing. Clark v. State, 746 So.2d 1237, 1241 (Fla. 1st DCA 1999).

Reversed and Remanded.

WARNER, DAMOORGIAN and CONNER, JJ., concur.

. We also note that the owner’s testimony would not qualify as expert opinion because he testified only as to what was contained within the estimate, rather than evaluating what should have been included within the estimate based upon viewing photographs during trial.