NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALEX PEREZ,                                    )
                                               )
            Appellant,                         )
                                               )
v.                                             )    Case No. 2D13-3756
                                               )
STATE OF FLORIDA,                              )
                                               )
            Appellee.                          )
_____)

Opinion filed April 22, 2015.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Brooke E. Teal, Tampa (withdrew after
briefing); Mark J. O'Brien of O'Brien
Hatfield, P.A., Tampa (substituted as
counsel of record), for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Alex Perez seeks review of his convictions and sentences for burglary of

an occupied dwelling, battery, and first-degree misdemeanor criminal mischief.  The

charges were based on evidence that Perez broke down the door of his girlfriend's

apartment and flew into a rage during which he punched his girlfriend in the face and destroyed two end tables in her living room. We affirm the convictions and sentences for burglary of an occupied dwelling and battery without discussion. We reverse the conviction and sentence for first-degree misdemeanor criminal mischief because the State failed to establish that the requisite damage to the end tables was greater than $200 but less than $1000. On remand, the trial court shall enter a judgment and sentence for second-degree misdemeanor criminal mischief.

The statute proscribing criminal mischief delineates the degree of crime based on the amount of property damage the defendant causes. See § 806.13(1)(b), Fla. Stat. (2011). If the damage is $200 or less, the crime is a second-degree misdemeanor. § 806.13(1)(b)(1). If the damage is greater than $200 but less than $1000, the crime is a first-degree misdemeanor. § 806.13(1)(b)(2). And, if the damage is $1000 or greater, the crime is a third-degree felony. § 806.13(1)(b)(3). Perez was convicted of first-degree misdemeanor criminal mischief for causing greater than $200 but less than $1000 in damage. See § 806.13(1)(b)(2). He argues that the evidence was insufficient to establish that the two end tables he destroyed were worth at least $200.

The testimony regarding the value of the tables was provided by the victim and her brother. The victim testified that the tables were family heirlooms that her father had someone make for her mother. She described the tables as made out of crystal with etched carvings on them. The victim said the tables had great sentimental value but that she did not know their monetary value. The victim's brother testified that the tables were in good condition at the time of the offense.

The trial court determined that this evidence was sufficient to allow the jury to determine that the tables were worth between $200 and $1000. The court reasoned that end tables are a common household item and that most people could determine a value based on end tables they had seen at Rooms to Go or Target. The court looked at photos of the tables admitted into evidence and estimated that the tables, which were "a little nicer" than other end tables, were worth at least $100 each.

In establishing the amount of damage to destroyed property under section 806.13(1)(b), the State must prove the property's market value beyond a reasonable doubt. R.C.R. v. State, 916 So. 2d 49, 49-50 (Fla. 4th DCA 2005). If the State does not have direct evidence of the property's market value, it may establish market value using the following factors: " '(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.' " R.C.R., 916 So. 2d at 50 (quoting State v. Hawthorne, 573 So. 2d 330, 332 (Fla. 1991)). A jury may not consider its life experiences in determining the amount of damage for criminal mischief charges which require proof of the amount of damage. See Marrero v. State, 71 So. 3d 881, 890 (Fla. 2011).

In this case, the victim did not know the market value or cost of the tables; she only knew that her father had commissioned an unknown third party to make them. There was no evidence regarding the level of craftsmanship of the tables or the quality of the materials used to make them. The only evidence before the court on the issue was lay testimony that the tables were made of some type of crystal and were in good condition. This evidence was insufficient to establish that the tables were worth at least $200.

We therefore reverse Perez's conviction for first-degree misdemeanor criminal mischief.  Because second-degree misdemeanor criminal mischief does not require proof of any particular amount of property damage, we remand for entry of a judgment and sentence for that crime as set forth in section 806.13(1)(b)(1).  See Marrero, 71 So. 3d at 891; Miller v. State, 667 So. 2d 325, 330 (Fla. 1st DCA 1995).  Perez's convictions and sentences are otherwise affirmed.

Affirmed in part, reversed in part, and remanded.


LaROSE and MORRIS, JJ., Concur.