PALMER, J;
- B.J.M. (the defendant) appeals his adjudication and disposition orders, entered by thé trial court after he was found guilty of committing criminal mischief, in violation of section 806.13(l)(b)2, Florida. Statutes (2013).[1] Determining that ;the evidence *693 was sufficient to prove criminal mischief, but not sufficient to prove that the amount of damages caused by the defendant’s conduct was greater than $200, we reverse and remand for reduction of the defendant’s conviction from a first-degree to a second-degree misdemeanor.
Due process requires the State to prove each essential element of an offense beyond a reasonable doubt. Marrero v. State, 71 So.3d 881, 887 (Fla.2011). For first-degree misdemeanor criminal mischief, the amount of damage is an element of the offense; therefore, the State had the burden of proving that the defendant’s criminal mischief resulted in damages greater than $200. § 806.13(1)(b)2.
At the adjudicatory hearing, the State called the victim to testify concerning the amount of damages resulting from the defendant’s criminal mischief. The victim testified that he had obtained estimates for repair from Home Depot and homede-pot.com of between $1,400 and $1,500, and that he had engaged in an “email exchange ... that talk[ed] about' the price.” Defense counsel objected to the admissibility of the estimates and emails, and the trial court sustained the objection. The trial court then stated: “As the victim, he is allowed to give his opinion as to the value of the damage and what he bases that value on.” After the trial court issued this ruling, the following dialogue took place:
[Prosecutor]: About how much will it cost to repair the window and fix any damage?
[Victim]: Complete total to repair and fix all the damages caused by ... this incident, is going to be about-between 1,400 and 1,500. . , ,
The victim provided no basis to support this estimate.
The defendant argues that the State improperly relied on inadmissible hearsay to prove the amount of damage to the victim’s property. He asserts that,
[w]ithout an actual estimate, introduced by testimony from a records custodian, the testimony relying on the inadmissible materials must be stricken. Without this evidence, the record does not provide competent, substantial evidence ■demonstrating the essential element of value. The lower court’s decision should be remanded to reverse or reduce Appellant’s [juvenile] adjudication of first degree misdemeanor criminal mischief.
We agree.
In A.S. v. State, 91 So.3d 270, 271 (Fla. 4th DCA 2012), the victim testified to the value of'the damage caused by the defendant, basing his opinion on an estimate prepared by one of his employees. The estimate was not admitted into evidence. Id. The Fourth District explained that “the estimate itself would have qualified as a business record; however, the testimony explaining the contents of the estimate would not fall within this exception.” Id. The court concluded: “Because the actual estimate was not admitted into evidence, the testimony ' concerning its contents should have been stricken.” Id.; see also Sanchez v. State, 101 So.3d 1283, 1287 (Fla. 4th DCA 2012) (explaining that, where “[t]he value of the property is estimated and no other proof is presented, the *694 owner’s evidence is insufficient • to prove fair market value”); R.A.P. v. State, 575 So.2d 277, 279 (Fla. 1st DCA 1991) (“[The victim] testified, based upon estimates [not admitted into evidence] he received from automobile body repair shops, that the value of the damage was approximately $1,200. [Such] testimony constituted inadmissible hearsay, which was properly objected to and therefore cannot be used to sustain the adjudication.”).
Here, although the trial court properly ruled that the estimates and emails were not admissible as business records, the victim was nevertheless permitted to testify that the damage caused by the defendant was valued between $1,400 and $1,500. Because no proper foundation was laid for the valuation testimony, it was insufficient to support any valuation finding by the trial court. See S.P. v. State, 884 So.2d 136, 137 (Fla. 2d DCA 2004).
The State asserts that the improper admission of the victim’s hearsay testimony was harmless because “[c]ommon sense would dictate that the cost to repair a window,, dry wall, paint, and a baby crib would exceed the $200 threshold for a first-degree criminal mischief charge.” As such, the State appears to be relying on the so-called “life experience” theory of admissibility. See Jackson v. State, 413 So.2d 112, 112 (Fla. 2d DCA 1982) (holding that, in the context of a theft prosecution, the fact-finder may rely on its life experiences in determining the value of stolen property “absent any specific proof of value by the state.”), disapproved of by Marrero, 71 So.3d at 890-91. However, the Florida Supreme Court rejected the use of the life experience theory in a case involving the criminal mischief statute, ruling that the exception does not apply to criminal mischief cases. Marrero, 71 So.3d at 890. See also Perez v. State, 162 So.3d 1139, 1141 (Fla. 2d DCA 2015) (“A jury may not consider its life experiences m determining the amount of damage for criminal mischief charges which require proof of the amount of damage.”).
Accordingly, the defendant’s adjudicatory and disposition orders must be reversed. However, because the evidence was sufficient to prove that the defendant committed the lesser offense of second-degree misdemeanor criminal mischief, we remand for imposition of corrected adjudicatory and disposition orders.
REVERSED AND REMANDED.
LAWSON, C.J. and EVANDER, JJ., concur.