# Third District Court of Appeal

**State of Florida**

Opinion filed August 31, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-1618
Lower Tribunal No. 15-446

————————————

**C.H., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before WELLS, SHEPHERD and SCALES, JJ.

SHEPHERD, J.

C.H. appeals a trial court order adjudicating him delinquent on a charge of felony criminal mischief in violation of section 806.13(1)(b)3, Florida Statutes (2013).  Because the record evidence does not satisfy the $1,000 threshold for felony criminal mischief, we vacate this adjudication, but remand for entry of an adjudication for first-degree misdemeanor criminal mischief pursuant to section 806.13 (1)(b)2, Florida Statutes (2013).

C.H. was charged with felony criminal mischief causing damages in a sum greater than $1,000 to a vehicle's roof, trunk and back window, while playing a game called "Put Him in a Coffin" at a party attended by nearly fifty teenagers.[1] The only evidence presented regarding the element of value came from the owner of the car,  who testified as follows:

> STATE: Is your car back to 100 percent to what it was when your son took it out on February 7?
>
> MR. CASTILLO: **I would say 95 percent**.
>
> STATE: What is the five percent?
>
> MR. CASTILLO: Because you can tell that the hood is not the original hood and on top of that, the windshield in the back has a scratch. I think it was a rock that was thrown through the trunk.
>
> DEFENSE: Objection, speculation.
>
> THE COURT: Sustained.

---

[1]The game involves crossing your arms and stomping or jumping on a car until the alarm sounds.

....

STATE: How much have you paid in this?

MR. CASTILLO: **$500 deductible that I have with Allstate**.

....

STATE: Who did you pay that to?

MR. CASTILLO: To the body shop.

STATE: Did the insurance pay the body shop?

MR. CASTILLO: Yes.

STATE: Thank you.

(Emphasis added). That there was competent, substantial evidence of $500 worth of damage is not seriously contended. The disputed point is whether the State presented sufficient evidence from which the trial court could conclude there was an additional $500 worth of damage to total at least $1,000. We think not.

The State did not offer the repair bills for the vehicle into evidence. Nor was the car owner qualified to provide a lay opinion of the value of the damage to the vehicle. See L.L. v. State, 189 So. 3d 252, 253 (Fla. 3d DCA 2016) (holding that lay opinion must be based on "personal firsthand knowledge of the matter" which results from a process "of reasoning familiar in everyday life"). However, the State did offer into evidence a videotape showing C.H. jumping on the vehicle, and the testimony of the car owner that his car was in the repair shop for more than two

3

weeks. Although cognizant of Marrero v. State, 71 So. 3d 881, 886 (Fla. 2011), where our High Court recently expressly rejected the use of "common experience" or "life experience" to determine the value of damage in a criminal mischief case, the trial court nevertheless found C.H. guilty of felony criminal mischief, stating that otherwise, "justice would not be served." She asked:

> Does or is the cost of a new windshield, a new hood, a new paint job for the hood, roof damage, repair of roof damage, repair of footprints, trunk damage, does that add-up to $500 or more, and if so, is this Court permitted to make that finding.
>
> **If I find that Marrero does not allow the Court to make that kind of valuation, then that means that, in my opinion, justice would not be served.**
>
> Because I do believe that those facts that the State proved, the $37,000 value of the car, the $10,000 in upgrades, the fact that it is only five months old, that it was a new windshield, new hood, new paint, paint on the hood, roof damage, footprints, trunk damage, it would be an absurd result in my opinion for me to find that those items do not amount to $500 or more.
>
> I can't imagine that that would be the intent of the Courts.
>
> Therefore, I find that the State has established, introduced competent and substantial evidence of the monetary value of the damage to the car, in that those items that I listed do amount to more than $500.

(Emphasis added). In this she erred.

This case is legally indistinguishable from Marrero. There, Leonardo Marrero drove his Ford F-150 pickup truck through the entrance of the Miccosukee Casino building located in Miami-Dade County. Marrero, 71 So. 3d at 884. The

4

entrance consisted of four impact-resistant glass doors, each sixteen to seventeen feet tall, each framed in special aluminum materials, one of which was equipped with a handicap accessible automatic entry system. Id. As in the case before us, the State presented a surveillance videotape of the truck crashing through the doors, but did not present any evidence of the repair or replacement costs of the damaged property. The jury found Marrero guilty of felony criminal mischief, and that "the [value of the] property was $1,000 or more." Id. at 885. We affirmed the conviction. Relying on Clark v. State, 746 So. 2d 1237, 1241 (Fla. 1st DCA 1999), where the First District Court of Appeal held that "the cost of motor vehicle body repair is [not] so self-evident that a jury could simply use its life experience or common sense to determine whether the $1,000 damage threshold was met[,]" our High Court quashed the decision of this court, explaining:

> [I]t would be problematic to leave the significant determination of whether a Florida citizen is deemed a convicted felon to the arbitrary and unpredictable "life experience" of a jury. The "life experience" of individual jury members varies widely within individual communities, and even more so throughout this very diverse State. A contractor living in Miami–Dade County may have a very different understanding of the costs associated with hurricane resistant doors than a retired grandmother living in Pensacola. Branding a Florida citizen with the label "convicted felon" must be approached with care and extreme caution, based only on evidence and facts from which conclusions can be drawn, not these widely varying "life experiences." The application of a "life experience" exception to any criminal statute, including the criminal theft statute, is inconsistent with the uniform system of justice that both the Florida and Federal Constitutions require and should not be left to the whim of individual jury members.

5

Marrero at 889. Similarly here, allowing a trier of fact, whether a trial court or jury, to use one's "common experience" or "life experience" to value the damage to the automobile in this case is inconsistent with the uniform system of justice that both the Florida and United States Constitution require.

It appears the trial court in this case found comfort in the owner's testimony that the car was only five months old, its price new (including upgrades) was $47,000, and that even after repair, the automobile was, in the owner's opinion, only back to "95 percent" of "what it was" was sufficient to distinguish this case from Marrero. We respectfully disagree. Although testimony of loss of market value may be an appropriate measure of damages in a criminal mischief case, this owner's testimony was too imprecise to constitute competent, substantial evidence of loss of market value. See Zanger v. State, 42 So. 3d 944, 945 (Fla. 4th DCA 2010) (stating that "In prosecutions for criminal mischief in excess of $1000 – a felony of the third degree – an essential element of the crime is the amount of damage in **value or cost** to the property damaged." (citing § 806.13(1)(a),(b)3, Fla. Stat. (2005)) (emphasis added)); see also R.C.R. v. State, 916 So. 2d 49, 50 (Fla. 4th DCA 2005) (holding that in a criminal mischief prosecution, "costs [of repair] cannot be used to the extent that they exceed fair market value" (citing Kluger v. White, 281 So. 2d 1, 3 (Fla. 1973) (first citing 15 Dewitt C. Blashfield,

6

Automobile Law, § 480.1; and then citing 25 C.J.S. Damages § 82))). In addition, the owner was no more qualified to give a lay opinion concerning a post-repair diminution of market value, if any, of the vehicle as a result of the crime any more than he was qualified to opine on the cost of repair itself. See L.L. 189 So. 3d at 253.

For this and the other reasons set forth herein, we reverse and remand with instructions.