# Third District Court of Appeal

## State of Florida

Opinion filed May 30, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2381
Lower Tribunal No. 16-1797
_____

**J.A., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before LAGOA, EMAS, and LUCK, JJ.

LAGOA, J.

J.A., a juvenile, appeals his withhold of adjudication of delinquency. J.A. argues that the State failed to prove the value of the truck's damaged windshield,

and therefore, this Court should reduce the finding of delinquency under Count 2 of the petition from first-degree criminal mischief to second-degree criminal mischief. We find J.A.'s arguments without merit and affirm.[1]

I.      FACTUAL AND PROCEDURAL BACKGROUND

On the evening of July 5th, 2016, Edy Iglesias ("Iglesias") was driving home in a truck owned by his employer when J.A. and another juvenile threw rocks at the truck, which damaged the truck's windshield in two places. The following day, Iglesias called a company to repair the truck's windshield.

The State charged J.A. with two counts: throwing a deadly missile (Count 1) and first-degree misdemeanor criminal mischief (Count 2). At trial, Iglesias testified that a company he contacted repaired the windshield and that he paid the total cost of repair of $272.72, which included the cost of the windshield and labor expended. Defense counsel objected to Iglesias's testimony as "hearsay and inferential hearsay."

After the State rested, defense counsel moved for a judgment of dismissal and argued that the State failed to prove the fair market value of the windshield and its repair. The trial court denied the motion for judgment of dismissal and found that the State proved damages and the value of the damaged property. The trial

---

[1] J.A. does not appeal the trial court's finding regarding Count 1 of the petition. Accordingly, the trial court's order finding J.A. delinquent on Count 1 of the petition is affirmed.

court entered an order withholding adjudication of delinquency as well as an order of restitution for $272.72, and placed J.A. on probation. This timely appeal followed.

## II. ANALYSIS

On appeal, J.A. argues that the State did not present sufficient evidence to prove the value of the damage to the property. We disagree. In a criminal mischief case, the amount of damage is an essential element of the crime of felony criminal mischief and the crime of first-degree misdemeanor criminal mischief. See Marrero v. State, 71 So. 3d 881, 887 (Fla. 2011); B.J.M. v. State, 185 So. 3d 692, 693 (Fla. 5th DCA 2016). For first-degree misdemeanor criminal mischief, the State must prove that the defendant's criminal mischief resulted in damage to property greater than $200 but less than $1000. See § 806.13(1)(b)2., Fla. Stat. (2016). "Absent proof of the amount of damage, an act of criminal mischief, as defined by the criminal mischief statute, is a *misdemeanor* of the second degree." Marrero, 71 So. 3d at 887 (emphasis in original). Additionally, for an order of restitution, evidence demonstrating the amount of loss "must be established through more than mere speculation; it must be based on competent evidence." Glaubius v. State, 688 So. 2d 913, 916 (Fla. 1997).

At trial, the State presented Iglesias's own testimony regarding the amount he paid for the repair. The State did not introduce Iglesias's actual repair bill

showing the cost of replacing the windshield, any estimates that Iglesias may have received for the repair, or any other documentary evidence (e.g., a cancelled check or a credit card bill) establishing the cost of the repair.

In a similar case, C.H. v. State, 199 So. 3d 447 (Fla. 3d DCA 2016), this Court found that the victim's testimony that he paid $500 as his insurance deductible to repair his car sufficiently established that amount of damage and therefore supported an adjudication for first-degree misdemeanor criminal mischief. Id. at 448.[2] As in C.H., the owner's testimony here was not inadmissible hearsay as it did not involve an out-of-court statement, but rather an act in which the owner was a participant. See also L.D.G. v. State, 960 So. 2d 767, 767-68 (Fla. 4th DCA 2007) (finding that the victim's testimony that she paid $1250— consisting of her $500 deductible and insurer's payment of $750—to repair car door was not inadmissible hearsay and was sufficient to establish damage in excess of $1000 for purposes of felony criminal mischief).[3] Based on our prior conclusion in C.H. and our sister court's conclusion in L.D.G., we find that the State presented

---

[2] This Court concluded in C.H. that the $1000 threshold for felony criminal mischief had not been met because the State did not introduce any evidence regarding amounts paid in addition to the victim's deductible.

[3] Because the State proved the amount of damage based on what was actually paid, and not based on estimates to repair, we find the conclusions of B.J.M. and B.L.N. v. State, 722 So. 2d 860 (Fla. 1st DCA 1998), inapplicable.

4

competent, substantial evidence of the actual cost of repair to the damaged windshield.

J.A. argues, however, that the State was also required to prove the fair market value of the truck, the windshield, and the repair. J.A. bases his argument on R.C.R. v. State, 916 So. 2d 49 (Fla. 4th DCA 2005). In R.C.R., the record established that the victim had purchased a vehicle for $500 as "junked," without an engine or wheels, placed on blocks, and with the idea of restoring the vehicle. The evidence in R.C.R. also established that the vehicle's prior owner had not expected to get anything for the truck. At trial, the victim "estimated, without supporting documentation, that repairs [as a result of the criminal mischief] were close to $2,700.00 . . . ." Id. at 49. Relying on case law relating to the crime of theft, the court in R.C.R. concluded that the State had to prove damages by the value of what was lost; thus, where the cost of repair exceeded the value of the vehicle, the value of the vehicle (in that case, $500) would set the damages for purposes of determining whether the crime qualified as felony, first-degree misdemeanor, or second-degree misdemeanor criminal mischief. Id.

We find R.C.R. inapplicable for a number of reasons. First, while it is true that the definition of "value" in Florida's theft statutes includes the concept of market value, the Florida Supreme Court in Marrero, 71 So. 3d at 887-890, disapproved of importing the definition of "value" from Florida's theft statute into

5

the criminal mischief statute. Indeed, the harm resulting from a theft (i.e., dispossession) is different in kind from the harm resulting from criminal mischief (i.e., damage or defacement).

Second, the Fourth District Court of Appeal subsequently refused to apply its own holding in R.C.R. in the broad manner urged on us by J.A. In L.D.G. v. State, 960 So. 2d 767 (Fla. 4th DCA 2007), the owner of a vehicle testified regarding the actual cost to repair the car door damaged by the juvenile repeatedly kicking and beating the door of the vehicle. Id. at 767. The Fourth District rejected the juvenile's argument that the owner's testimony was insufficient under R.C.R. Instead, the Fourth District concluded that its "decision in R.C.R. stands for the proposition that repair costs cannot be used to establish the amount of the damage element in a charge of criminal mischief to the extent that the repair costs exceed the fair market value of the damaged property." Id. at 768. Contrasting the junked car on blocks in R.C.R. with the vehicle used by the victim as her personal van in L.D.G., the Fourth District found R.C.R. to be "simply inapposite to this case." Id. For the same reason, even if R.C.R.'s use of fair market value had continuing validity after Marrero, we find it inapplicable to the facts before us here.[4]

_____

[4] We note that if R.C.R. retains vitality post-Marrero, the argument that the cost of repair cannot be the proper measure of damage when it exceeds the fair market value of the damaged property would appear to be a defense to be asserted once the State has established a prima facie case of criminal mischief.

6

Accordingly, for the reasons discussed, we affirm the trial court's order withholding adjudication of guilt.

Affirmed.