# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-4074

_____

JOEL T. COOPER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Wakulla County.
J. Layne Smith, Judge.

August 7, 2024

PER CURIAM.

Appellant, Joel T. Cooper, appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, raising three arguments, only one of which has merit. For the reasons that follow, we reverse the denial of Ground 2 of Appellant's postconviction motion and remand with directions. We affirm as to the remaining claims without comment.

## Facts

Appellant was convicted of burglary of a structure causing over $1,000 in damages (Count 1), petit theft (Count 2), and felony fleeing or attempting to elude an officer (Count 3) based on acts he committed in October 2009. He was sentenced to thirty years of

imprisonment on Count 1, sixty days in jail on Count 2, and fifteen years of imprisonment on Count 3. We affirmed his judgment and sentence on direct appeal. *Cooper v. State*, 114 So. 3d 940 (Fla. 1st DCA 2013).

Appellant filed a motion for postconviction relief and an addendum thereto, in which he raised four claims of ineffective assistance of counsel and one cumulative error claim. In Ground 2, Appellant alleged that his trial counsel rendered ineffective assistance by failing to object to inadmissible hearsay that served as the State's only evidence of the essential element of the burglary charge that the damages exceeded $1,000.

At trial, when the State inquired of the district manager of the burglarized Stop N Save if she knew how much it cost to repair the front door of the store, she responded that "[she] was given an estimate of about [$1,500] out-of-pocket that they paid besides whatever was presented to the insurance company or sent to you." Appellant's trial counsel did not object to this testimony. On cross-examination, the manager acknowledged that she did not personally compile the information regarding the cost of the repairs or have any dealings with the insurance company, someone told her it cost $1,500, and she did not have any documentation to support that figure. In moving for a judgment of acquittal on the burglary charge, trial counsel argued that the State failed to prove that the damages exceeded $1,000 because the manager did not have direct knowledge of the damages amount, merely testified about what she was told by her boss, and did not provide any documentation to attest to the amount of damages. The State and the trial court relied on the manager's unobjected-to hearsay testimony for the denial of the motion. Importantly, trial counsel conceded at that point that "[the State] I guess slipped one by me with the hearsay. I didn't catch that fast enough."[1]

The postconviction court held an evidentiary hearing, where Appellant testified, but neither party called trial counsel as a

---

[1] Appellant unsuccessfully argued on direct appeal that the trial court erred by denying his motion for judgment of acquittal because there was insufficient evidence of the amount of damages exceeding $1,000.

witness, and the court admitted into evidence the trial transcript. The postconviction court acknowledged that trial counsel should have objected to the district manager's hearsay testimony about the amount of damages to the Stop N Save being about $1,500 based on an estimate she was given. The court also explained that while an attorney may decide not to raise a hearsay objection as a matter of strategy, it did not believe that counsel's failure to object here was due to a strategic decision, noting that counsel seemed to have conceded in moving for a judgment of acquittal that he made a mistake by not raising a hearsay objection. The court, however, insisted that the State's error was easily curable by calling another witness, despite postconviction counsel's assertion that the court was speculating as there was nothing in the record to suggest that the State had the necessary evidence. Accordingly, the postconviction court denied Ground 2 upon finding that Appellant was not prejudiced because had his counsel raised a timely hearsay objection, the State could have cured its error by calling another witness to establish the amount of damages. This appeal followed.

## Analysis

To prevail on an ineffective assistance of counsel claim, the defendant must prove that his trial counsel's performance was deficient and that the deficient performance was prejudicial for it deprived him of a fair trial. *Victorino v. State*, 127 So. 3d 478, 486 (Fla. 2013). Counsel's performance is deficient when his error falls outside the broad range of professionally acceptable performance. *Johnston v. State*, 70 So. 3d 472, 477 (Fla. 2011) (explaining that there is a strong presumption that counsel's actions were reasonable, and strategic decisions do not constitute ineffective assistance if alternatives were considered and counsel's decision was reasonable under the norms of professional conduct). Counsel's deficient performance is prejudicial if there is a reasonable probability that the result of the proceeding would have been different absent counsel's error. *Victorino*, 127 So. 3d at 486; *see also State v. Mackendrick*, 336 So. 3d 873, 876 (Fla. 1st DCA 2022) (explaining that the defendant must establish that the result of the trial proceeding would have been different).

We review the postconviction court's findings of fact for competent, substantial evidence, but review the court's legal

3

conclusions on deficient performance and prejudice de novo. *Lamarca v. State*, 931 So. 2d 838, 847 (Fla. 2006). "The trial court's reasoning and decision must be supported by competent, substantial evidence. . . . We do not defer to findings unsupported by such evidence." *State v. King*, 325 So. 3d 313, 315 (Fla. 1st DCA 2021).

Burglary of a structure causing over $1,000 in damages is a first-degree felony that requires the State to prove that the defendant entered a structure with the intent to commit an offense therein and that he caused damage to the structure in excess of $1,000 in the course of committing the offense. § 810.02(1)(b)1., (2)(c)2., Fla. Stat. (2009); *see also* Fla. Std. Jury Instr. (Crim.) 13.1; *Key v. State*, 348 So. 3d 691, 694 (Fla. 1st DCA 2022). Inadmissible hearsay cannot establish the value of the damage. *R.A.P. v. State*, 575 So. 2d 277, 279 (Fla. 1st DCA 1991) (reversing the adjudication for third-degree felony criminal mischief, which required a showing of $1,000 or more worth of damage, because the property owner's testimony that the damage was approximately $1,200 based on estimates he received constituted inadmissible hearsay).

Here, the postconviction court correctly found that trial counsel was deficient in failing to object to the district manager's hearsay testimony about the amount of damages to the Stop N Save being about $1,500 based on an estimate she was given. Trial counsel recognized in moving for a judgment of acquittal that the State was required to prove that the amount of damages exceeded $1,000, and his statement that the State "slipped" the hearsay by him and he "didn't catch that fast enough" was a concession of error that indicates that his failure to object was not due to a strategic decision.

Further, because the State was required to prove that Appellant caused over $1,000 in damages to the Stop N Save and presented only the district manager's hearsay testimony in that regard, Appellant established a reasonable probability that the result of the trial would have been different had his counsel raised a timely hearsay objection.[2] Trial counsel would have likely

---

[2] In arguing on appeal that Appellant failed to satisfy the prejudice prong, the State asserts that "[t]he store's video

4

prevailed on his motion for judgment of acquittal on the burglary count because he argued that the State failed to prove damages in excess of $1,000, and the State and the trial court relied on the manager's hearsay testimony for the denial of the motion. Had the manager's testimony been excluded pursuant to a contemporaneous hearsay objection, there would have been no evidence of the amount of damage and the trial court would have been compelled to reduce the charged offense to simple burglary of a structure.[3]

The postconviction court's conclusion of lack of prejudice is speculative, and its reasoning is not supported by competent, substantial evidence, because there is no record evidence to support its finding that the State could have cured its error by calling another witness to establish the amount of damages. The manager testified she did not have documentation to support the $1,500 damage figure; nothing in the record suggests that another witness was subpoenaed for trial who would have been able to establish the amount of damages; and the original grand theft charge on Count 2 was reduced to petit theft during the trial because of the State's failure to present any evidence of the amount of money in the ATM that was stolen from the store. In other

---

surveillance itself and photographs submitted to the jury show that there was damage over $1,000." We reject the State's suggestion that the amount of damage was so self-evident that the jurors could conclude based on their life experience that the statutory damage threshold was met. The life experience theory is inapplicable because the charge of burglary of a structure causing over $1,000 in damages requires proof of the amount of damage. *See Marrero v. State*, 71 So. 3d 881, 885–89 (Fla. 2011); *Perez v. State*, 162 So. 3d 1139, 1141 (Fla. 2d DCA 2015).

[3] Burglary of an unoccupied structure, without the $1,000 damage enhancement, is a third-degree felony. § 810.02(4), Fla. Stat. The jury was instructed on this lesser-included offense. In fact, the State asserted during closing argument that if the jury did not find the damages to exceed $1,000, it could alternatively find Appellant guilty of the lesser-included offense of simple burglary of a structure without causing damages over $1,000.

words, the record does not indicate that the State was prepared to establish the amount of damages with admissible evidence.

Therefore, we reverse the order denying Appellant's postconviction motion as to the denial of Ground 2 with directions for the court to reduce the charge on Count 1 to simple burglary of an unoccupied structure, without the $1,000 damage enhancement, and to resentence Appellant accordingly. We otherwise affirm the order.

AFFIRMED in part, REVERSED in part, and REMANDED with directions.

LEWIS, ROBERTS, and RAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Rachael E. Reese and Olivia M. Goodman of O'Brien Hatfield, P.A., Tampa, for Appellant.

Ashley Moody, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.